## INCORPORATION OF THE BOR. OF EDGEWOOD.

APPEAL BY EXCEPTANTS FROM THE COURT OF QUARTER SESSIONS OF ALLEGHENY COUNTY.

Argued October 29, 1889—Decided November 11, 1889.

1. Where persons objecting to the incorporation of a borough have taken actual notice of the proceedings by filing exceptions to the report of the grand jury, any defect in the published notice of the application is thereby cured.

2. It is not a valid objection to the incorporation of a borough that certain of its boundary lines are located along the middle of a township road, or along the middle of certain streets in a contiguous village community.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 22, 26 October Term 1889, Sup. Ct.; court below, No. 13 March Term 1888, Q. S.

On March 31, 1888, the petition of residents and freeholders of the village of Edgewood, in Sterrett and Braddock townships, was presented, praying for the incorporation of the territory described by metes and bounds in the petition, and also in a plan attached, into a borough under the name of the borough of Edgewood.   Accompanying the petition was proof of pub-

Opinion of Court below.

lication, on the 1st, 8th, 15th, 22d, and the 29th days of March, 1888, of the following notice :

"☞ NOTICE IS HEREBY GIVEN
that an application will be made to
the Court of Quarter Sessions of Allegheny
County, on Saturday, March 31, 1888, at ten
o'clock A. M., for the incorporation of the
village of Edgewood into a borough.
THURS."

On April 6, 1888, the grand jury, to whom the proceeding had been referred, reported that the conditions prescribed by the act of assembly relating thereto had been complied with, and that it was expedient to grant the prayer of the petitioners.

On June 2, 1888, exceptions were filed to the report of the grand jury, (*a*) by Wm. M. Watson and others, freeholders and taxable inhabitants of Braddock township, but not of the proposed borough; (*b*) by the School District of Braddock township; and (*c*) by John G. Kelly, a freeholder owning property and residing within the limits of the proposed borough. These exceptions appear fully in the opinion of the court below.

Testimony having been taken and returned by a commissioner appointed for the purpose, and hearing thereon had, on November 8, 1888, the court, MAGEE, J., filed the opinion following :

On March 31, 1888, the petition of the requisite number of the residents and freeholders of the village of Edgewood was presented to the court, asking that the said village by metes and bounds therein set forth, be incorporated into a borough by the name of the borough of Edgewood, and requesting that their said petition be laid before the grand jury for their judgment thereon. The court caused the aforesaid application to be laid before the grand jury, which upon investigation, as they say, certify to court that they believe that it is expedient to grant the prayer of the petitioners.

To this judgment of the grand jury there have been filed :

I. A remonstrance by a large number of the freeholders and taxable inhabitants of the township of Braddock, residing at the village of Swissvale and its vicinity, none of whom, however, are freeholders or taxable inhabitants of the territory proposed for the borough of Edgewood. The objections presented by the remonstrance are as follows :

1. Because the boundaries of the proposed borough include

a large body of farm lands lying to the southward of said village of Edgewood, and separated therefrom by a deep wooded ravine, which is the natural boundary between the two villages of Edgewood and Swissvale.

2. Because the territory embraced in the proposed corporation includes a part of the village of Swissvale, which is a separate and distinct community from that of Edgewood.

3. Because the boundary lines of the proposed borough are so run as to inclose the large works of the Union Switch and Signal Company, situate at about the centre of the village of Swissvale, and constituting a large part of the taxable property in said village, while none of the dwellings occupied by the workmen are included within said lines; thus imposing on the School District of Braddock township the burden of schooling the children of the workmen aforesaid, while depriving it of the taxes which ought justly to go to the maintenance of its schools.

II. Exceptions by the School District of Braddock township. These exceptions are the same as those set forth in the remonstrance and given above.

III. The exceptions filed by John G. Kelly, a freeholder, owning property and residing within the limits of the proposed corporation are as follows:

1. The property of exceptant included within the boundaries of the said proposed borough is not situated in the village of Edgewood, and is separated from said village by a deep wooded ravine, which is the natural boundary between said village and the country to the southward thereof.

2. Neither the property of exceptant, nor any other property lying south of said ravine, would be in any way benefited by being brought into the proposed borough; but said property would be subjected thereby to increased burdens of taxation, without any corresponding benefits or advantages.

3. The residence and property of exceptant, and all other property lying south of the ravine aforesaid, belong properly to the community of Swissvale, which is a more populous place than the village of Edgewood, and is geographically distinct and separate therefrom.

IV. The remaining exception is filed by the counsel for exceptants, Mr. Stewart, and is technical in its character, and was filed as supplemental at the time of argument.

The exception is : That the notice given in this case of the intention to make application for the incorporation of the said village of Edgewood was not duly authenticated, there being no signature thereto of any of the petitioners or other person interested therein, or of their counsel.[2]

The foregoing constitute the entire body of exceptions filed, and have been stated at length so that the objections taken may be clearly comprehended.

The provisions made by law for the incorporation of boroughs and the annexation of adjacent territory, are to be found in the acts of 1834, 1851, 1863 and 1871. The proceedings in the present case have been conducted thus far, with only one technical objection made, and that has reference to the published notice of the intended application for the charter; all other exceptions are to the merits of the case or appeals to discretion.

The acts referred to confer the power and prescribe the form of proceeding for the incorporation of boroughs. We need not discuss these acts or their construction. We shall only cite the first section of act of 1834 to show the jurisdiction of the court and the persons entitled to borough privileges. The 1st section of the act of 1834, P. L. 163, provides that, " the several Courts of Quarter Sessions within the commonwealth shall have power, by and with the concurrence of the grand jury of the county, to incorporate any town or village within their jurisdiction." The authority thus conferred is limited to the incorporation into boroughs of towns or villages. Unless the locality possesses the character of a town or village, no authority exists for the creation of a borough, and then only by the courts with the concurrence of the grand jury.

A village is defined to be any small assemblage of houses in the country ; " a collection of houses collocated after a regular plan in regard to streets and lanes." The proposed borough is clearly such an assemblage of houses and is within proper boundaries and under the provision of law, entitled, as such village, to incorporation by the courts by and with the concurrence of the grand jury.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

Two questions, we take it, are to control the right to corporate existence, viz. : Are the village limits unduly extended, and are other village boundaries invaded ?

In construing the borough law the courts have held that the adjacent land taken must be reasonably appurtenant and that the territory of adjacent villages be not included. In determining the first question, we would naturally look to the land owners within the proposed borough limits for their judgment in the matter, and if they desire the incorporation, good reasons ought to be assigned by others for their exclusion from borough privileges, before the court should refuse the application on the ground of undue extension of the borough limits, or the invasion of other village limits.

If I understood counsel, only one person (Mr. Kelly), within the proposed borough limits, excepted to the incorporation of the new borough. This unanimity of sentiment is rarely to be found in a proceeding of this kind, and would indicate that the object meets with general approval by those immediately interested in the application, and who by law are entitled to incorporation. The opposition to the application comes from persons outside of the proposed borough, and their objections are, that the natural and not actual boundaries of the village of Swissvale are encroached upon, and also that taxable property is withdrawn from the township of Braddock. It is not conclusively shown, as I have said, that the village of Swissvale is invaded, unless it be held that the ravine referred to determines and fixes the boundary line between the two villages. Such a boundary cannot be said to be the boundary of a village, unless the village with its houses, streets and lanes, extends to the ravine ; and in the present instance the owners of land taken for the new borough, on the Swissvale side of the ravine, say that they do not belong to the village of Swissvale, and are not more directly connected with it than they are with the village of Edgewood, with which they ask incorporation. The question of taxes withdrawn from the township of Braddock, we take to be the motive which animates the controversy. If the village and its adjacent territory is entitled to incorporation, this objection will not avail to defeat the grant. We are not able, under the evidence, and the almost unanimous sentiment of the property holders within the territory to be incorporated, in favor of the borough, to refuse the application for the charter.

In conclusion, more by way of recapitulation, let me say that

we feel constrained to confer upon the petitioners the privileges asked, because,

1. The limits proposed for the new borough are not unduly extended beyond the village proper and the territory immediately adjacent, nor do they invade the territory of Swissvale in its collocation of "houses after a regular plan in regard to streets and lanes."

2. Because a ravine is not such division of territory as requires separate corporate existence, when the great majority of land owners on each side of the ravine and within the proposed borough limits, demand union.

3. Because it is not shown that the territory south of the ravine and on account of the taking of which the complaint has arisen, belongs clearly to the territory embraced within the unquestioned limits of either village, that of Swissvale or Edgewood. The land-holders within the territory of the new borough, and especially those who own the body of the disputed territory, claim that they are not in any way infringing on either village rights, but that the territory, if not actually within the village limits of Edgewood, is at least immediately adjacent lands, and entirely independent of any other village; that at least the territory taken can be united to one village with as much propriety as the other, and that the village first seeking incorporation, with the assent of the owners of the disputed territory, ought not to be refused the privileges asked, because the township of Braddock or the people outside of the proposed new borough protest on the ground of a withdrawal of taxable property from their control, or, because of any other similar reason, they do not desire the contemplated separation.

The law contemplates the formation of boroughs out of villages and adjacent territory; and when the people in the village and its adjacent territory, with almost entire unanimity, ask incorporation, it would seem to be a wilful disregard of the intention of the legislature in its borough legislation, and the rights of the people thereunder, to refuse them borough privileges.

4. Because the notice by advertisement, if not in exact form, yet was such notice as at least might with propriety be observed. And if it should be found, as in this case, that act-

ual notice was taken, and that the objections are all here now
for consideration, the form used would scarcely be deemed a
sufficient ground for the overthrow of the proceeding by rea-
son of its alleged informality in not having a name attached
thereto, or in some other respect defective. It is not necessary,
therefore, in the determination of this question, to say more
upon this point than that the publication, however informal it
may prove, is sufficient in the present instance, for the reason
that notice has been actually taken, and all parties desiring to
make objection are here in court to be heard.

5. Because the grand jury have expressed their judgment
of the propriety and reasonableness of the proposed borough.
This judgment we do not take to be controlling of the action
of the court, but it is taken as of very great assistance in de-
termining disputed questions of fact upon which there might
be doubt in the mind of the court, to whose final and inde-
pendent judgment the case must in the end be submitted.
Although not conclusive, the action of the grand jury is not
by any means to be disregarded as of little weight or impor-
tance to the court in reaching its judgment.

6. Because we do not consider the objection made, that the
boundary line for some distance runs along the middle of the
township road, a sufficient reason for a denial on that account
of the borough charter.

One of the objections made to incorporation by Mr. McCook
was, that the line did not run by the centre of the street, sug-
gested at the time, under the impression that the whole street
in its improvement was left as a burden on the township of
Braddock. The objection taken was not that the road was an
unreasonable boundary between the borough and township; and,
as such dividing street, it does not seem unreasonable to us that
the expense of maintaining and keeping the road in condition
should be equally imposed on township and borough by the
adoption of the centre of the road as a dividing line.[6] . . . . .

And now, to wit, November 8, 1888, the exceptions are over-
ruled, the judgment of the grand jury concurred in, and con-
firmed; the decree in proper form for the incorporation of the
borough of Edgewood, as prayed for, together with the neces-
sary provisions for the election of borough officers, and the
designation of the proper election officers, to be prepared by
counsel and submitted to court.

Opinion of the Court.

A formal decree in accordance with the foregoing opinion having been entered, the exceptants took this appeal, specifying that the court erred:

2. In overruling the exceptants' exception.[3]

4. In holding that the actual notice of the proceedings taken by the exceptants, in the exceptions filed after the action of the grand jury, cured any defect in the published notice.

6. In overruling the exceptants' exception.[6]

7. In confirming the judgment of the grand jury, and entering a decree for the incorporation of a borough in accordance therewith.

*Mr. R. E. Stewart*, for the appellants.

Counsel cited: (1) Section 2, act of April 1, 1834, P. L. 163; § 1, act of June 2, 1871, P. L. 283; West Philadelphia Bor., 5 W. & S. 281. (2) Osborne Bor., 101 Pa. 284.

*Mr. John Dalzell, Mr. Wm. Scott* and *Mr. G. B. Gordon*, for the appellees, were not heard.

The brief filed cited: Germantown Ave., 99 Pa. 482; Darby v. Sharon Hill, 112 Pa. 66; Commonwealth v. Nathans, 5 Pa. 124; Mifflin Tp. v. Elizabeth, 18 Pa. 17; Kimber v. Schuylkill Co., 20 Pa. 366; Hughes v. Kline, 30 Pa. 227; Chase v. Miller, 41 Pa. 403; Commissioners' App., 57 Pa. 452; Sewickley Bor., 36 Pa. 80.

PER CURIAM:

As we find no error in these proceedings, they are

Affirmed.