## In re Borough of West Wyomissing

*Emerson B. Rasbridge*, for petitioners.

*Rieser & Bingaman, Ira P. Rothermel*, and *Wm. S. Sharman*, contra.

SCHAEFFER, P. J., December 5, 1938.—We have before us a petition for the incorporation of the proposed Borough of West Wyomissing. The petition is in due form and petitioners have complied with all the formal require-

ments of the statutes. It is conceded by exceptants that a majority of the resident freeholders have signed the petition and, from the testimony and our own investigation, we are of opinion that the advantages which would accrue to the inhabitants of the area from incorporation would greatly outweigh the added burdens incident thereto.

There is, however, an unsurmountable objection raised by exceptions. The area proposed to be incorporated lies to the west of the Borough of Wyomissing and to the south of the Boroughs of Wyomissing Hills and West Lawn and the Village of Springmont and to the east of the Borough of Sinking Spring. At its western end the proposed borough embraces quite a considerable area of farm land. It is divided from the Borough of Wyomissing Hills and West Lawn by the tracks of the Lebanon Valley Railroad Company. The same line of tracks is also the northern boundary of the Borough of Wyomissing and of the Borough of West Reading. However, between the Borough of West Lawn and the Borough of Sinking Spring, it is proposed to carry the northern boundary of the new borough to the middle of the Harrisburg and Reading State highway route no. 422. Between this highway and the railroad in this section, there is a strip of land varying from 150 to 300 feet in width and of a length of about three quarters of a mile. No resident freeholders of this tract have signed the petition; in fact, the majority of them and many of the nonresident freeholders have joined in the protest. Their contention is that this tract of land is a part of the Village of Springmont and is not a part of the community of West Lawn. We find this to be a fact. We are, therefore, faced with the well-established principle that the court may not incorporate as a borough one community and a part of another community: Blawnox Borough, 70 Pitts. 1076.

This brings us to the question of whether there is any authority in the court to amend the petition so as to leave

out the tract north of the railroad or to enter a decree incorporating just the area south of the railroad. We are of the opinion that from the decided cases this may not be done. The authority of the court to incorporate a borough resides solely in the statutes; it is not an inherent judicial function.

The legislature certainly could within its constitutional powers set up some method for the incorporation of boroughs which would involve no action on the part of the court of quarter sessions. Hence we must look strictly to the statutes for our powers. The General Borough Act of May 4, 1927, P. L. 519, art. II, sets forth the requirements of the proceedings. In section 203 it is stated that:

"The application shall set forth the title of the proposed borough, with a particular description of the boundaries thereof, exhibiting the courses and distances in words at length, and be accompanied with a plot of the same." In section 206 it is provided that:

"When, in any application, the boundaries fixed by the petitioners shall embrace lands exclusively used for purposes of farming, the court may, if it deem such land does not properly belong to the proposed borough, at the request of the party aggrieved, change the boundaries so as to exclude therefrom the land used for farming purposes."

In other words, the court is given express authority by this latter section to exclude, at the request of the owner of the land, land which is used exclusively for farm purposes and which the court finds does not properly belong to the proposed borough. See Oliver's Appeal, 30 W. N. C. 493, Tullytown Borough, 1 Dist. R. 292, Narberth Borough (1), 16 Pa. C. C. 29, and Incorporation of Edgewood Borough, 130 Pa. 348.

But on the principle of statutory construction expressed in the maxim, expressio unius est exclusio alterius, the grant of authority to exclude farm land is a denial

of the authority in the court to otherwise modify the boundaries as set forth in the petition. In our case, although there are farm lands included, the owners thereof have not protested and we are, therefore, not concerned with their exclusion; but the land to the north of the railroad tracks is not farm land. It consists of dwellings, building lots, and two or more industrial plants and the decisions uniformly interpret the statute as denying to the court any authority to amend the boundaries of the proposed borough by leaving out of the borough a tract such as that here in question. In Incorporation of the Borough of Munhall, 25 Pa. C. C. 287, where persons residing beyond the boundaries of the proposed borough filed exceptions to the proceeding because they wished to be included, the court of Allegheny County said: "The power of the court in this proceeding appears to be limited to the determination of accepting or rejecting the application as it stands." In In re Incorporation of Mocanaqua Borough, 20 Luz. L. R. Rep. 138, the court said:

"As we read the statute under which this proceeding has been instituted, we have no power to amend the petition by changing the lines as set forth in it, but must either incorporate or refuse to incorporate it as prayed for." In Tullytown Borough, supra, Judge Yerkes said at page 295:

"As we understand this law and the decisions, where lands are used exclusively as farm lands, and do not properly belong to the town, they may be left out; otherwise, we have no power to exclude. . . . Lands used for other purposes than farming exclusively, cannot be thrown out." And this court arrived at the same conclusion in In re Kenhorst Borough (No. 1), 16 D. & C. 742.

Of the maxim expressio unius est exclusio alterius, it is said that no maxim of the law is of more general and uniform application and that it is never more applicable than in the construction and interpretation of statutes:

Provident Life & Trust Co. v. Klemmer et al., 257 Pa. 91, 101.

It is with regret that we, therefore, must come to the conclusion that we cannot grant the prayer of the present petition. We believe that the people of the community of West Wyomissing should, if a majority of them desire, have their own form of local government; but the court has no power to change the law and must execute it as it finds it. We are accordingly constrained to sustain the exceptions and to dismiss the petition.

And now, to wit, December 5, 1938, the exceptions are sustained and the petition dismissed.