# Whitehall Borough Incorporation Case.

Argued July 16, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Irwin I. Tryon* and *Jason Richardson,* for appellants.

*Robert A. Rundle, Louis Rosenberg* and *Wright & Rundle,* for appellees.

OPINION BY RHODES, P. J., September 29, 1947:

The affirmance of the orders and decree of the Court of Quarter Sessions of Allegheny County might well be rested upon the clear and comprehensive opinion of Judge SOFFEL.

The court below had before it for determination three petitions—one which proposed to create out of portions of Baldwin and Bethel Townships a new borough to be known as the Borough of Whitehall; and two which had as their objective the incorporation of the entire Township of Baldwin into a borough.

The petitions for the incorporation of the Township of Baldwin, as described in said petitions, into the Borough of Baldwin were dismissed, and a decree was entered incorporating the Borough of Whitehall.

On April 22, 1947, appeals were taken to this court from the orders (Nos. 20 and 22, April Term, 1948) and decree (No. 21, April Term, 1948); and July 16, 1947, was fixed for a special session to hear argument.

On October 14, 1946, 1,320 of the 1,627 resident freeholders residing within the proposed Borough of Whitehall filed the petition at No. 33, October Sessions, 1946, seeking to incorporate a portion of Baldwin Township into the Borough of Whitehall. This petition also included a small tract of land located in the adjoining Township of Bethel. Two days before the filing of the Whitehall petition, or on Saturday, October 12, 1946, at 10 o'clock p.m., the Commissioners of Baldwin Town-

ship held a special meeting at which they passed a resolution authorizing the filing of a petition for the incorporation of Baldwin Township into a borough. This petition was executed on Sunday, October 13, 1946, and filed the next day, Monday, October 14, 1946, at No. 32, October Sessions, 1946. Subsequently, on October 31, 1946, a second petition, signed by the majority of the freeholders of Baldwin Township, seeking incorporation of the entire township as a borough, was filed at No. 161, October Sessions, 1946. The three proceedings were heard before the court and considered as one matter; they will be treated together on appeal.

Baldwin Township, located in the south central portion of Allegheny County, has an area of 10.2 square miles, or 6,835 acres. The formation of the Borough of Whitehall would reduce the area of Baldwin Township by 3.1 square miles, or 2,043 acres. The population of Baldwin Township was 7,738 according to the 1940 census. (The Baldwin Township petitions averred that the population of Baldwin Township was 8,000 or more at the time of filing.) Baldwin Township's assessed real estate valuation for 1946 was $13,899,711, while that of the proposed Borough of Whitehall for the same year would be $6,582,676.

The court below found that the proposed Borough of Whitehall was a region intensively developed for residential purposes; that the area consisted of numerous plans of lots for single dwellings; and that it included the grounds of the South Hills Country Club. It expressly found: "We have within the present Township [of Baldwin] two districts which seem to require different methods of government. The people of the Whitehall area have a homogeneity and community of interest that does not extend to the residents of the remainder of the Township."

In granting the petition for the incorporation of the Borough of Whitehall, the court considered in detail the effect of the loss of territory on the remainder of Bald-

win Township, and concluded that Baldwin Township could continue to function efficiently as a separate governmental unit.

The Baldwin Township High School, with over 900 students, is situate wholly within the proposed Borough of Whitehall. Two hundred of the high school students presently live in the Whitehall district, five hundred in the remainder of Baldwin Township, and the balance in adjoining townships. Only one of the eight elementary schools in Baldwin Township is located in the proposed Borough of Whitehall. The court concluded that the new Borough of Whitehall, having a population of less than five thousand, would, as a fourth-class school district, remain a part of the Baldwin Township School District for some time to come, and that the incorporation of the Borough of Whitehall would cause no disruption of the school system.

The court below, in dismissing the two petitions for the incorporation of Baldwin Township in its entirety into a borough, held that they were defective because the description of the territory to be incorporated erroneously included lands located in the adjoining Borough of West Mifflin, and also lands in Jefferson Township.

Appellants contend that, under the 1941 amendment to the General Borough Act (Act of May 4, 1927, P. L. 519, Article II, §201; Act of August 6, 1941, P. L. 881, 53 PS § 12251),[1] it was mandatory upon the court to grant the petition where a majority of the inhabitants of an entire first-class township seeks incorporation as a borough. Appellants' theory seems to be that a court has no discretion or power to grant incorporation of a part

---

[1] "The courts of quarter sessions may incorporate any town or village or any township of the first class having a population of eight thousand or more within their jurisdiction into a borough. Every town or village and every such township of the first class so incorporated shall be a body corporate and politic by the name which shall be given by the court."

of a township into a borough where, as here, there is filed simultaneously a petition for incorporation of the entire first-class township under the 1941 amendment. We find no indication of any intent upon the part of the legislature to limit to such an extent the action of the court of quarter sessions.

The discretionary power of the court of quarter sessions, in cases where a town or village seeks incorporation as a borough, is well established; and a decree incorporating a borough will not be disturbed by an appellate court unless illegality appears on the record, or an abuse of discretion is distinctly charged and clearly shown. *Incorporation of Swoyerville Borough,* 12 Pa. Superior Ct. 118, 124; *South Connellsville Borough Incorporation,* 47 Pa. Superior Ct. 350, 353; *Incorporation of the Borough of Narberth,* 171 Pa. 211, 33 A. 72; *Pleasant Hills Borough Incorporation Case,* 161 Pa. Superior Ct. 259, 53 A. 2d 882. Proceedings of this nature involve, largely, issues of fact and questions of expediency for the court of quarter sessions. *Eden Park Borough Incorporation,* 158 Pa. Superior Ct. 40, 43, 43 A. 2d 529.

The 1941 amendment, permitting the incorporation of an entire first-class township into a borough where the requirements have been met, does not deprive the court of quarter sessions of its discretionary power to determine between a petition to incorporate an entire township and another petition, simultaneously presented, to incorporate a portion thereof. Practical considerations of governmental structure may, as here, weigh more heavily in favor of granting the petition for the incorporation of the smaller unit.

The petition for the incorporation of the Borough of Whitehall and those seeking incorporation of Baldwin Township into a borough are, of necessity, mutually exclusive, and the court so treated them in making its findings. If the former petition was granted, the latter had to be refused. The court could not grant the petition for

the incorporation of a part and then construe the petition for incorporation of the whole as a petition to incorporate the remainder of the whole. Appellants recognize that the petitions were mutually exclusive; the burden of their complaint is that their petition was not granted.

The finding of the court that "The people of the Whitehall area have a homogeneity and community of interest that does not extend to the residents of the remainder of the Township," in view of the mutual exclusiveness of the petitions, has a double aspect. It is a finding that the Whitehall area requires a separate government, and at the same time a finding to the effect that the Township of Baldwin is not adaptable to a borough form of government. The court found that all factors weighed heavily in favor of granting Whitehall a separate government rather than welding Baldwin Township into an even tighter governmental unit.

No legal defects appear in the Whitehall petition, and we find no abuse of discretion upon the part of the court in granting that petition, nor in dismissing the two petitions for the incorporation of Baldwin Township into a borough.

We might well affirm the dismissal of the Baldwin Township petitions upon the sole ground that appellants have not shown abuse of discretion upon the part of the court below. However, the defective description of the area to be included in the Baldwin Township petitions constitutes an additional ground of affirmance of the court's orders.

The two petitions for the incorporation of Baldwin Township into a borough made use of similarly worded descriptions of the area to be incorporated. As originally filed, these two petitions erroneously included lands previously incorporated by the Court of Quarter Sessions of Allegheny County at No. 57, June Sessions, 1942, into the Borough of West Mifflin. Recognizing this error in

the description, appellants entered into identical stipulations with counsel for the School District and the Borough of West Mifflin whereby the authorities of West Mifflin Borough withdrew their exceptions to the description contained in the Baldwin Township petitions, and stipulated that the line fixed by the court in 1942 should be recognized and accepted as the true boundary in the present proceeding for the incorporation of Baldwin Township into a borough. At the hearing counsel for Baldwin Township offered these stipulations, and moved to amend the Baldwin Township petitions; the stipulations were received, subject to objection by counsel for appellees. In its opinion, the court sustained appellees' objections, and held the court of quarter sessions had no power to permit amendments which set up a description differing materially from that advertised in the original petition.

Certain taxpayers and property owners of the adjoining Township of Jefferson, who claimed that the land described in the Baldwin Township petitions actually included land in Jefferson Township, also filed objections to those petitions, although these objectors did not live in the disputed area of Jefferson Township. There was ample testimony to show, and the court found, that the exact boundary line between Baldwin and Jefferson Townships was disputed, and had never been legally fixed or accurately determined. For example, the section known as Fidelity Drive was included in the Baldwin Township lines in the petitions filed, although the Commissioners of Jefferson Township had for years treated these properties as being in Jefferson Township for tax and school purposes.

The court of quarter sessions had no authority in these proceedings to make or permit a substantial change in the boundaries contained in the description of the original petitions, as advertised. Section 203 of The General Borough Act of May 4, 1927, P. L. 519, Article

II, 53 PS § 12253, states that: "The application shall set forth the title of the proposed borough, with a particular description of the boundaries thereof, exhibiting the courses and distances in words at length, and be accompanied with a plot of the same." Section 206 of the same act, 53 PS § 12256, authorizes the court to exclude, at the request of the party aggrieved, farm lands included within the proposed borough.

The authority of the court of quarter sessions in this type of proceeding must be found in the statute. The Act gives no authority to the court to alter the boundaries of the proposed borough in its discretion, except as to the exclusion of farm lands. Cf. *Incorporation of the Borough of Narberth*, supra, 171 Pa. 211, 33 A. 72; *Warren Borough's Annexation*, 168 Pa. 441, 32 A. 37; *In re Kenhorst Borough, No. 1*, 16 Pa. D. & C. 742; *In re Borough of West Wyomissing*, 35 Pa. D. & C. 515, 517, 519. Amendment of the description contained in a petition has been permitted where such amendment did not change the area to be incorporated (*Edgeworth Borough*, 25 Pa. Superior Ct. 554), but the amendment sought here does not come within this class.

It is unnecessary to decide whether the court below had authority to settle the boundary dispute between Baldwin and Jefferson Townships in the Fidelity Drive area, in the present proceedings. The petitions initiated proceedings to incorporate boroughs as described in the petitions; the proceedings did not seek the settlement of boundary disputes between governmental units. Specific statutory authority for fixing the boundaries between townships is found in section 302 of the Act of June 24, 1931, P. L. 1206, Article III, 53 P S § 19092—302. In any event, the court below was not obliged to determine boundary disputes in the present proceedings, and it could properly dismiss the petitions for the incorporation of Baldwin Township into a borough by reason of the defective descriptions contained therein.

This does not mean, however, that the court could not grant the Whitehall petition because it included land in Bethel Township as well as Baldwin. The Whitehall petition contained a proper description of the land in Bethel Township. The General Borough Act of May 4,1927,P.L. 519, Article II, § 205, as amended by the Act of August 6, 1941, P. L. 881, 53 PS § 12255, contemplates the formation of a borough out of one or more townships, for it states: "When the application and decree have been recorded, such part of a township or townships shall become an incorporated borough, . . ."

Appellants question the right of residents of Jefferson Township who resided outside the disputed area to file objections to, and question, the Baldwin Township petitions. It is not material whether these residents of Jefferson Township had a legal right to be heard or not (see *Incorporation of Borough of Edgewood*, 130 Pa. 348, 352, 18 A. 646; *Incorporation of Flemington Borough*, 168 Pa. 628, 32 A. 86; *Eden Park Borough Incorporation*, supra, 158 Pa. Superior Ct. 40, 43 A. 2d 529), as appellants were not prejudiced thereby. The court dismissed appellants' petitions on substantial grounds covered by objections filed by persons who clearly had a right to object. The objections and testimony of the Jefferson Township residents were, at most, cumulative.

As a part of its final order and decree of April 11, 1947, incorporating the new Borough of Whitehall, the court below ordered a special or first election for borough officials to be held April 26, 1947. This special election was never held because that court granted a supersedeas following the appeals to this Court. Appellants contend that the statutes involved give the court of quarter sessions no power to order a special election for the Borough of Whitehall. The time for the special election having passed, and the court having ordered no other special election, this question is now academic and will not be passed upon by this Court. *Richards v. Johns*

*et al.,* 338 Pa. 232, 13 A. 2d 59; *O'Donnell v. Pennsylvania Liquor Control Board,* 158 Pa. Superior Ct. 533, 45 A. 2d 369.

Under sections 211 and 805 of The General Borough Act of May 4, 1927, P. L. 519, as amended by the Act of August 6, 1941, P. L. 881, 53 PS §§ 12261, 12675, it is clear that the election for the officials of the new Borough of Whitehall would be held at the next municipal election following the time the lower court's decree of incorporation was made final on appeal.

For the reasons given, the orders entered by this Court on July 17, 1947, affirming the orders and decree appealed from, are confirmed. Costs to be paid by appellants.