Franklin Borough's Incorporation Cases.

Argued March 8, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

Robert Y. Cassol, with him Redlich, Cassol, Redlich & Morocco, for appellant, Borough of Delmont.

Clarence F. McBride, with him Marker and McBride, William Fearen and Cleckner and Fearen, for appellant, Borough of Export.

B. Patrick Costello, with him Henry A. Hudson, Jr., and Costello, Snyder, Berk & Horner, for appellee.

OPINION BY JUDGE ROGERS, March 29, 1972:

We are again confronted with a suit arising out of this Commonwealth's inscrutable annexation statutes.

We have before us a motion to quash the appeals to this court of the Boroughs of Delmont and Export from an order of the Common Pleas Court of Westmoreland County incorporating the Borough of Franklin. The ground for the motion is that the appellant Boroughs were not parties to the incorporation proceedings below and therefore have no standing to appeal.

The appellee cites as authority for its motion the following: Alloy Metal Wire Company, Inc., Appeal, 329 Pa. 429, 198 A. 448 (1938); Bankes Estate, 431 Pa. 283, 243 A. 2d 371 (1968); Mechanics National Bank

*of Trenton v. Buckman,* 253 Pa. 245, 97 A. 1056 (1916);
*Dethlefson Appeal,* 434 Pa. 431, 254 A. 2d 6 (1969);
*Urbano v. Zoning Hearing Board of Upper Merion Twp.,*
1 Pa. Commonwealth Ct. 574, 275 A. 2d 905 (1971).
These cases dealt with appeals under either the Act of
May 22, 1722, 1 Sm. L. 131, 12 P.S. §1091, which states:
"If any person or persons shall find him or themselves
aggrieved with the judgment . . . it shall and may be
lawful to and for the *party or parties* so aggrieved, to
have his or their writ or writs of error . . ."; or under
Section 1003 of the Pennsylvania Municipalities Plan-
ning Code, Act of July 31, 1968, P. L.   , 53 P.S.
§11003, providing that zoning appeals may be taken "by
*any party* before the board." (Emphasis supplied.)

We are here concerned with the incorporation of
boroughs, the procedure for which is prescribed by The
Borough Code, Act of Feb. 1, 1966, P. L. (1965)   , 53
P.S. §45101, *et seq.* Section 209 of the Code, 53 P.S.
§45209, provides: "An appeal to the [Commonwealth
Court] may be had in the manner provided by law for
appeals to said court from any decree incorporating a
borough *by any person aggrieved* thereby." (Emphasis
supplied.) There is thus no requirement that the per-
son aggrieved be a party below. The only requirement
for standing under this provision is that the appellant
be a person aggrieved; that is, one who has an interest
in and is affected by the Court's order. *Pa. Commercial
Drivers Conference v. Pa. Milk Control Commission,*
360 Pa. 477, 62 A. 2d 9 (1948); *State Board of Under-
takers v. Joseph T. Sekula Funeral Home, Inc.,* 339 Pa.
309, 14 A. 2d 308 (1940). The Act of 1722, 12 P.S.
§1091, is the general appeals statute. As this makes en-
gagement as a party below a prerequisite to standing
to appeal and as many other statutes[1] have the same

---

[1] In addition to the Pennsylvania Municipalities Code referred
to above, the Public Utility Law, Act of May 28, 1937, P. L. 1053,

requirement, there is, as appellee suggests, a paucity of authority for the right of one not a party to appeal. Furthermore, the inherent improbability of a non-participant seeking to appeal reduces the occasions for such actions. On the other hand, under statutes conferring the right to appeal upon persons aggrieved, an appeal has been allowed where the only proceeding below has been a general order of a Commission. *Milk Maid Dairy Products, Inc. v. Pennsylvania Milk Control Commission*, 35 D. & C. 2d 286 (1964). *See also Denny Building Corporation Appeal*, 387 Pa. 311, 127 A. 2d 724 (1956) ; *Committee to Preserve Mill Creek, et al. v. Secretary of Health, et al.*, 3 Pa. Commonwealth Ct. 200, 281 A. 2d 468 (1971). At the risk of belaboring the point, we note that predecessor provisions of The Borough Code required that the appeal should be taken by not less than three persons aggrieved. Act of May 4, 1927, P. L. 519, §209. Under a still earlier but identical provision, the Superior Court held that although a single person might file exceptions, three were needed to appeal. *Swissvale Borough Incorporation*, 9 Pa. Superior Ct. 212 (1898). While in that case there were only two exceptants who were also the proposed appellants, it contains a faint but discernible implication that three persons aggrieved might appeal although less than that number had been exceptants. Furthermore, in this type of proceeding municipal subdivisions would normally conduct the litigation as exceptants in behalf of interested citizens. If we should hold as appellee insists, the defection of the municipality after pursuit of the matter to a final order would deprive interested individuals of the right to appellate review.

This brings us to a consideration of the appellants' interest in this proceeding and compels us to turn brief-

§1101, 66 P.S. §1431, and the Liquor Code, Act of April 12, 1951, P. L. 90, §515, 47 P.S. §5-515, so require.

ly to the substance of this rather peculiar proceeding. The proposed new borough was the Township of Franklin and we are informed has an area of more than 30 square miles. Located within its boundaries are the appellant Boroughs of Export and Delmont. In September 1969, the Borough of Delmont enacted an ordinance annexing a portion of the Township of Franklin. The Township's efforts to contest the legality of the annexation below and by appeal to this court were defeated for failure to follow statutory requirements for review. *Delmont Borough Annexation Case,* 2 Pa. Commonwealth Ct. 496, 276 A. 2d 549 (1971). In October 1969, the Township filed a petition for incorporation pursuant to the Borough Code. Exceptions were filed, hearings conducted and arguments held. Not until October 29, 1971, did the Common Pleas Court approve the incorporation. During this period both Delmont and Export Boroughs made further annexations, one of which was again the subject of an unsuccessful appeal by the Township to this court. *Township of Franklin v. Borough of Delmont,* 2 Pa. Commonwealth Ct. 310, 279 A. 2d 387 (1971). The court below held, *inter alia,* that its decree of incorporation had the effect of expunging all of the annexations referred to, including those which were the subject of appeals of this court. It did so despite the following provisions of Section 205 of the Borough Code, 53 P.S. §45205: "When the petition and decree have been recorded, such area shall become an incorporated borough. . . ." It was when they read the court's opinion that the appellant Boroughs, neither of which had participated in the incorporation proceedings, took alarm and appealed to this court. We agree with them that there was no reason for them to anticipate, in the face of statutory language plainly stating that the Borough of Franklin should not have existence until a decree of court was recorded, that the court below

would hold that the territory they had annexed more than a year previously would become part of the new borough. At that time it was too late for them to intervene below for the matter had been finally disposed of there. *Robinson Twp. School District v. Houghton,* 387 Pa. 236, 128 A. 2d 58 (1956). The Court's holding that the annexations were nullified was founded on *White Hall Borough Incorporation Case,* 161 Pa. Superior Ct. 397, 55 A. 2d 70, aff'd per curiam, 358 Pa. 90, 55 A. 2d 746 (1947), holding that the court may not, except in the case of farm lands, alter the boundaries of the proposed borough during pendency of the proceedings. The court believed that it therefore followed that those boundaries became fixed as of the time the petition for incorporation was filed. This, of course, assumes that the court was required to approve the incorporation. The *White Hall Borough Incorporation Case* more fundamentally holds, however, that the court should not approve the incorporation if the description erroneously includes areas already a part of other municipalities. Hence, the appellants here if they read the statute and the leading case might well have concluded that (1) under the former, the incorporation could not be effective until a date after the areas annexed by them in accordance with the same Borough Code were firmly a part of their municipalities, and (2) under the latter, the court would not approve the incorporation of a borough under a description which included parts of their municipalities.

While this takes us perhaps unnecessarily into the merits, it is further noted that the court below, which assigned the hearings to Commissioners, mentions that some of the annexations were not properly proved before the Commissioners. We believe that this nice view of the proceedings is not consistent with the court's function. By Section 204 of The Borough Code, 53 P.S.

§45204, the court is enjoined to make such order "as right and justice shall appertain" and is empowered to engage in such investigation as it deems necessary. This would certainly include the ascertainment by reference to public records and the law of whether the area within the limits of the proposed borough were in fact already parts of other municipalities. The appellants might reasonably have supposed that the court would have performed its duty in this regard without their participation.

We conclude that in the unusual circumstances here present the appellants are persons aggrieved with standing to appeal.

The motions to quash are accordingly dismissed.