## Franklin Borough's Incorporation Cases.

Argued October 30, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert Y. Cassol,* with him *Redlich, Cassol, Redlich & Morocco,* for appellant, Borough of Delmont.

*Clarence F. McBride,* with him *Marker and McBride,* for appellant, Borough of Export.

*John G. Gent,* with him *Henry A. Hudson, Jr., Ted J. Padden* and *Quinn, Gent, Buseck & Leemhuis, Inc.,* for appellee.

OPINION BY JUDGE ROGERS, December 20, 1972:

In *Franklin Borough's Incorporation Cases,* 5 Pa. Commonwealth Ct. 85, 289 A. 2d 503 (1972), we denied the motion of the Borough of Franklin to quash appeals here taken by the Boroughs of Delmont and Export from an order of the Court of Common Pleas of Westmoreland County incorporating the Borough of Franklin. Franklin's motion to quash was based upon the circumstance that Delmont and Export were not parties to the Franklin incorporation proceedings in the court below. Our denial of the motion was grounded on our conclusion that Delmont and Export were *persons aggrieved* by the order, within the meaning of Section 209 of The Borough Code, Act of February 1, 1966, P. L. 1656, 53 P.S. §45209.[1] Our opinion was filed March 29, 1972, and after consideration and denial of an application for remand filed by Franklin, the matter was listed for argument on the merits for October 30, 1972. On that day Franklin filed a supplemental brief bringing to the court's attention for the first time that Section 209 of The Borough Code had been repealed by subdivision 174 of subsection (a) of Section 509 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, as amended by Act of June 3, 1971, P. L.     , 17 P.S. §211.509(a)(174). The Appellate Court Jurisdiction Act took effect September 11, 1970, a date more than a year after commencement of this proceeding in the court below, but before the court below entered its order approving the incorporation.

The parties and the court were not earlier apprised of the repealer of Section 209 of The Borough Code because the 1972-73 Supplement to Title 53 of Purdon's

---

[1] Which read: "An appeal to the Superior Court may be had in the manner provided by law for appeals to said court from any decree incorporating a borough by any person aggrieved thereby."

Pennsylvania Statutes, indicating the repealer for the first time in that publication, was not published until sometime in June of 1972.

Subdivision 174 was not only one of 181 subdivisions of subsection (a) of Section 509 of the Appellate Court Jurisdiction Act, it alone, in addition to repealing Section 209, repealed parts of thirteen other provisions of The Borough Code. That neither counsel for the several litigants nor the court knew of the repealer of Section 209 earlier is understandable, especially in view of the fact that the title of the Appellate Court Jurisdiction Act, "An act relating to the jurisdiction and powers of the Supreme, Superior and Commonwealth courts," provides no notice that the class of persons entitled to appeal any matter would be thereby narrowed. We are not, however, required to base our determination to dispose of this protracted and public litigation on the merits upon a principle of constitutional law. In *Plains Township School District Appeal*, 438 Pa. 294, 265 A. 2d 358 (1970), the Supreme Court allowed an additional period for appeal on the ground that the Act of December 2, 1968, P. L.    , 12 P.S. §1111.1, was as a practical matter not available until the publication of the 1970 Supplement of Purdon's Pa. Statutes. In *Williams Appeal*, 438 Pa. 309, 265 A. 2d 360 (1970), the Supreme Court for the same reason entertained an appeal which under the Act of December 2, 1968 should have been taken to the Superior Court. We will entertain Delmont's and Export's appeals here upon the same consideration.

Furthermore, the court below incorporated as part of the new Borough of Franklin areas sought to be annexed by the Boroughs of Delmont and Export. If we should determine that Delmont and Export were without standing to appeal because they were not parties below, those municipalities would not be bound by the

decree of incorporation.[2] Thus the same issues here ripe for decision would become the subject of new litigation, further delaying the resolution of this presumably important public matter, now pending for more than three years.

This case requires us to construe, and in so doing hopefully to provide order in, the provisions of The Borough Code relating to the subjects of the incorporation of boroughs and the annexation by boroughs of portions of townships.[3]

The Borough of Delmont adopted an ordinance on September 8, 1969 annexing a portion of Franklin Township containing 78 acres of land. This ordinance was filed in the office of the Clerk of Courts of Westmoreland County on September 25, 1969.[4] On October 2, 1969, the Borough of Export adopted an ordinance annexing an area of Franklin Township containing 50 acres of land. This was filed in the clerk's office on October 3, 1969. On October 6, 1969, this litigation commenced with the filing of a petition of freeholders for the incorporation of the Borough of Franklin to consist of the entire Township of Franklin, including

---

[2] Unless they were in privity with individuals who appeared in objection to the incorporation, of which fact there is no suggestion in the record. *Burke v. Pittsburgh Limestone Corporation,* 375 Pa. 390, 100 A. 2d 595 (1953).

[3] The provisions of The Borough Code with respect to annexation are applicable to these procedures despite Article 9, Section 8 of the Constitution of Pennsylvania, adopted April 23, 1968, for the reasons set forth in *Township of Franklin v. Borough of Delmont,* 2 Pa. Commonwealth Ct. 310, 279 A. 2d 387 (1971). All of the purported annexations herein appear to have been commenced within two years from April 23, 1968.

[4] Following argument Franklin advised us that this ordinance was amended by an ordinance adopted October 2, 1969 and filed October 8, 1969. We have examined the original and amended versions and have duly considered Franklin's contention that the latter proves the former to have been a nullity. We do not agree.

those areas described in the annexation ordinances of Delmont and Export, above referred to. At various dates subsequent to October 6, 1969 and while the incorporation was under judicial consideration, the Boroughs of Delmont and Export adopted and filed eight more ordinances purporting to annex additional areas of the township.

On October 29, 1971, the court below entered its final order incorporating the Borough of Franklin as described in the petition originally filed, which description, as noted, included all of the portions of the township annexed by Delmont and Export both before and after October 6, 1969. The court concluded that none of the annexations were effective;[5] those purported to be made after October 6, 1969 because the decree of October 29, 1971 should relate back to the date of filing the petition of incorporation, and those made before October 6, 1969 because they were filed within two months of the municipal election held November 4, 1969 and therefore had no effect until November 5, 1969.[6]

The provisions of The Borough Code necessary to be construed are as follows:

PROVISIONS RELATING TO INCORPORATION

"The courts of quarter sessions may incorporate any area within their jurisdiction, not already incorporated or a part of an incorporated municipality, as a bor-

---

[5] Franklin Township filed objections to two of the annexation ordinances, which objections were dismissed by the court below for failure to comply with statutory requirements. Upon appeals here the lower court was affirmed in each instance. *Township of Franklin v. Borough of Delmont*, 2 Pa. Commonwealth Ct. 310, 279 A. 2d 287 (1971) ; *Delmont Borough Annexation Case*, 2 Pa. Commonwealth Ct. 496, 276 A. 2d 549 (1971).

[6] By reason of Section 427 of The Borough Code, 53 P.S. §45427, reproduced in the body of this opinion, *infra*.

ough, which, after having been so incorporated, shall be a body corporate and politic by the name which shall be decreed by the court." Section 201, 53 P.S. §45201.

"The application for incorporation shall be by a petition signed by a majority of the freeholders residing within the limits of the proposed borough, when all parts of the proposed borough are in the same township, and, where portions of the proposed borough are in different townships, the petition shall be signed by a majority of the freeholders residing in each of such separating portions. The signatures must be secured within three months immediately preceding the presentation thereof to the court. Such petition shall be subscribed by and sworn to by at least one of the signers. The number of signers required to the petition shall be ascertained as of the date the petition was presented to court." Section 202, 53 P.S. §45202.

"Upon presentation to the court, the petition shall be filed with the clerk, and notice thereof shall be given in one newspaper of general circulation in the county and in the legal journal, if any, for a period of not less than thirty days immediately following the filing thereof, during which time exceptions may be filed to the petition by any person interested. The notice shall be published once a week for four consecutive weeks. The notice shall state when and where the petition was filed and the time during which exceptions may be filed to the petition. The court, if it shall find, after hearing, that the conditions prescribed by this article have been complied with, may grant the prayer of the petitioners and make a decree accordingly, but, if the court shall deem further investigation necessary, it may make such order thereon as to right and justice shall appertain. The petition and the decree shall be recorded in the recorder's office of the county, at the expense of the petitioners, who shall also pay all other expenses

and costs in connection therewith." Section 204, 53 P.S. §45204.

"When the petition and decree have been recorded, such area shall become an incorporated borough, and shall be entitled to the several rights, privileges and immunities conferred by this act, subject, however, to the provisions of Section 211 of this act." Section 205, 53 P.S. §45205.

"The decree of the court shall constitute the charter of the borough. All charters granted under this act shall set forth: (1) The corporate name of the borough. (2) The boundaries thereof." Section 208, 53 P.S. §45208.

"When a borough is created, the clerk of the court of quarter sessions in each county within thirty days shall certify to the Department of Highways and to the Department of Community Affairs a copy of the decree of court incorporating such borough. For such services the clerk shall be allowed a fee of three dollars and fifty cents ($3.50) to be paid as part of the costs of the proceeding.

"Any clerk of the court, who shall fail, neglect or refuse to furnish such certifications or either of them, as herein provided, shall upon conviction in a summary proceeding be sentenced to pay a fine of not more than fifty dollars ($50)." Section 210, 53 P.S. §45210.

### Provisions for Annexation by Borough of Lands in Second Class Townships

"Any borough may, by ordinance, annex adjacent land situate in a township of the second class in the same or any adjoining county, upon petition, and may attach such annexed territory to an existing ward or wards. The petition shall be signed by a majority in number of all of the freeholders of the territory to be annexed. If an ordinance to make such annexation is defeated, no other proceeding for the annexation of the

same territory, or any part thereof, shall be had within five years thereof." Section 426, 53 P.S. §45426.

"A certified copy of any ordinance, adopted together with a description of the land to be annexed and a plot showing the courses and distances of the boundaries of the borough before and after such proposed annexation, shall be filed in the court of quarter sessions of the county, or, in case the land proposed to be annexed is situate in an adjacent county, then in the courts of both counties. A notice of such filing shall also be filed in the office of the county board of elections of the proper county. Thereupon the territory proposed to be annexed shall be a part of the borough; except when any ordinance and plot are filed in the office of the clerk of the court of quarter sessions within two months of any general, municipal, or primary election, in which case the property proposed to be annexed shall not become a part of the borough until the day succeeding such election." Section 427, 53 P.S. §45427.

In addition to the statutory provisions above quoted one case is of importance. In *Whitehall Borough Incorporation Case,* 161 Pa. Superior Ct. 397, 55 A. 2d 70, *aff'd per curiam,* 358 Pa. 90, 55 A. 2d 746 (1947), it was held under the substantially similar General Borough Act of 1927 that the hearing court properly refused an incorporation where the area proposed for incorporation included by inadvertence portions of an existing borough and that it also properly decided that it was without power to permit an amendment substantially altering the boundaries of the area initially proposed for incorporation.

As is readily apparent, the statutory provisions read literally and separately create the problems of this case. By Section 201 of The Borough Code the court may incorporate areas not already part of an incorporated municipality. By Section 205 the new borough

has no existence until decree is entered and recorded. Therefore, a proposed incorporation could conceivably be stultified by the adoption and filing by an adjacent borough of an annexation ordinance. The court below solved the dilemma by construing the statutes as providing that the decree of incorporation relates back to the date of the filing of the petition invalidating any annexations not fully effective at the time of the filing of the petition for incorporation. The same result is reached perhaps more reasonably by concluding that the Boroughs had no power to annex any area described in the previously filed petition for incorporation. This, we believe, logically follows from Section 201 which empowers the court to decree the incorporation of "any area . . . not already incorporated or a part of an incorporated municipality." The court's power is invoked by the petition filed. We cannot conclude that the Legislature intended that the court's power be removed by action of a borough council.

The court below held that the two annexations which preceded the filing of the petition for incorporation were ineffective because filed within sixty days of the municipal election held November 4, 1969. We disagree. Section 427 of The Borough Code indeed states that in such case the area annexed shall not become a part of the borough until the day after the next election. It does so, however, no more plainly than Section 205 provides that an area proposed to be incorporated shall not be a borough until the court's decree has been entered and recorded. A strict adherence to the terms of the statute provides opportunity for persons opposed to annexation to stultify the desires of a majority of the freeholders of a small area by including that area in an application for incorporation filed, as in this case, prior to the day following the ensuing election. By Section 426, "[a]ny borough may, by ordinance, annex. . . ." As the court's power to incorporate is not

subject to withdrawal by a borough's action in annexing, the borough's power to annex is not to be affected by a petition to incorporate later filed.

We believe that the Legislature intended that neither a petition for incorporation nor an annexation ordinance, once filed, should be defeated collaterally by action of hostile freeholders. By dating the immunity of each from effect by the other from the date of filing, a logical and, in this case, equitable resolution of the apparently inconsistent statutes is achieved.

We hold, therefore, the Borough of Delmont by its ordinance of September 8, 1969 and the Borough of Export by its ordinance adopted October 2, 1969, validly annexed the areas therein described and that the filing on October 6, 1969 of the petition to incorporate those areas as part of the proposed Borough of Franklin was of no effect on those annexations. We further hold that the annexations sought to be accomplished by ordinances adopted and filed after October 6, 1969 were of no effect by reason of the pendency of the petition for incorporation.

The statutes as we have construed them require the result that the proposed Borough of Franklin should not include the total of 128 acres annexed by Export and Delmont prior to October 6, 1969. The petition for incorporation included these two areas, in reasonable reliance on Section 427 of The Borough Code, providing that the areas were not yet parts of the annexing Boroughs.[7] A reversal of the lower court would afford the opportunity for further annexation before a new petition for incorporation could be prepared, circulated

---

[7] The sole purpose of Section 427's suspension of the attachment of the annexed area to the borough until after an ensuing election is to prevent interference with or disruption of elections. For this reason, it should not have controlling effect in determining whether the two annexations here in question were effective against a subsequently filed petition for incorporation.

and filed. In *Whitehall Borough Incorporation Case,* 161 Pa. Superior Ct. 397, 404, 55 A. 2d 70, 73 (1947), the court wrote: "The court of quarter sessions had no authority in these proceedings to make or permit a *substantial change* in the boundaries contained in the description of the original petitions, as advertised." (Emphasis supplied.) We have been informed that the proposed Borough of Franklin would contain 30 square miles, or 19,200 acres. The 128 acres annexed by Delmont and Export is therefore about seven one-thousandths of the total area proposed to be incorporated. To a superficial observer this would appear to be an insubstantial change in the boundaries of the proposed borough. We will, therefore, remand this record so that the petitioners for incorporation may, if they desire, move to amend and the court may, if it finds such amendment to represent an insubstantial change, grant the motion to amend and incorporate the Borough of Franklin as so described.

### ORDER

The order of the court below is reversed; and the record is remanded for further proceedings not inconsistent with this opinion.