In re: The Incorporation of the Borough of Valley-Hi. Borough of Valley-Hi, Appellant.

Argued June 8, 1977, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT. Judge KRAMER did
not participate in the decision.

*Jerome T. Foerster,* with him *Richard W. Cleckner,*
and *Cleckner and Fearen,* for appellants.

*Merrill W. Kerlin,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 27,
1977:

The Borough of Valley-Hi (Borough) appeals from
an order of the Court of Common Pleas of Fulton
County striking the Decree of Incorporation of the
Borough.

Upon submission of a Petition for Incorporation
meeting the requirements of Section 202 of The Bor-
ough Code (Code), Act of February 1, 1966, P.L.
(1965) 1656, 53 P.S. §45202,[1] the lower court set a

---

[1] "The application for incorporation shall be a Petition signed
by a majority of the freeholders residing within the limits of the

hearing date and ordered that proper notice of the petition and hearing be given.[2] The hearing was held with no exceptions or objections being raised and the Decree of Incorporation was granted without taking any evidence. Approximately 10 months thereafter, it was learned that the legal description submitted with Borough's petition was defective,[3] and the Borough submitted a petition to correct the description, together with a petition to reduce the number of Borough councilmen.[4]

Appellee, the Board of Commissioners of Fulton County (County), filed answers to Borough's petitions and a Motion to Strike the Decree of Incorporation alleging that the defect in the Borough's legal description deprived the lower court of jurisdiction to issue the Decree. In response to County's Motion to Strike,

proposed borough. . . . The signatures must be secured within three months immediately preceding the presentation thereof to the court. Such petition shall be subscribed and sworn to by at least one of the signers. The number of signers required to the petition shall be ascertained as of the date the petition was presented to the court."

[2] Section 204 of the Code, 53 P.S. §45204, requires that "[u]pon presentation to the court, the petition shall be filed with the clerk, and notice shall be given in one newspaper of general circulation in the county and in the legal journal, if any, for a period of not less than thirty days immediately following the filing thereof, during which time exceptions may be filed to the petition by any person interested. The notice shall be published once a week for four consecutive weeks. The notice shall state when and where the petition was filed and the time during which exceptions may be filed to the petition. The court, if it shall find, after hearing, that the conditions prescribed by this article have been complied with may grant the prayer of the petitioners and make a decree accordingly, but, if the court shall deem further investigation necessary, it may make such order. . . ."

[3] The legal description set forth in the Petition for Incorporation did not close by approximately 1200 to 1300 feet.

[4] A reduction in the number of Borough councilmen from seven to three was requested because Borough's population was less than 1,000 people. See Section 818 of the Code, 53 P.S. §45818.

the Borough filed preliminary objections alleging that County lacked standing. The lower court granted County's motion and Borough appealed to us.

Although we are troubled with the lower court's grant of a Decree of Incorporation without taking evidence as to the necessity for incorporation,[5] we fail to find an adequate basis for County's standing to object to the Decree and therefore reverse the lower court's decision.[6]

Our Supreme Court, in *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975), held that standing requires an aggrieved party showing a substantial, direct and immediate interest in the subject matter of the litigation. The requirement of a "substantial interest" simply means that there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law. The requirement of a "direct interest" means that the person claiming to be aggrieved must show causation of harm to his interest by the matter of which he complains. The nature of the connection between the action complained of and the injury to the person challenging

---

[5] *See Bear Creek Township v. Penn Lake Park Borough,* 20 Pa. Commonwealth Ct. 77, 84, 340 A.2d 642, 645 (1975), wherein we set forth factors to be considered before granting a Decree of Incorporation.

[6] The lower court, finding County to be aggrieved, stated at 17 Adams, L.J. 47, 60 (1975), "[w]hile the cases [cited below] specifically hold that persons living within a proposed borough or in the township which would lose land to the new borough or the township itself have standing to object, we conclude the legal principles enunciated are not limited to the conclusions reached, and do not require a specific loss or deprivation as a condition precedent to qualifying as an aggrieved party." *See Franklin Borough's Incorporation Cases,* 5 Pa. Commonwealth Ct. 85, 289 A.2d 503 (1972); *Borough of Delmont v. Borough of Franklin,* 7 Pa. Commonwealth Ct. 119, 298 A.2d 266 (1972); *Hazel Township Annexation Case,* 183 Pa. Superior Ct. 212, 130 A.2d 230 (1957).

it is the concern of the "immediate interest" element. 464 Pa. at 195, 346 A.2d at 282. County fails to demonstrate how it is aggrieved under these standards.

In support of its Motion to Strike, County asserts the following arguments to establish standing.

It first contends that it is the "fiduciary of the public interest" of all its citizens, that Borough's incorporation is contrary to the best interest of those citizens, and that, therefore, it has a right to object. A county is merely a creature of the sovereign created for the purpose of carrying out local governmental functions. *See Snelling v. Department of Transportation*, 27 Pa. Commonwealth Ct. 276, 366 A.2d 1298 (1976). *See also Philadelphia v. Fox*, 64 Pa. 169 (1870). The scope of its powers and duties are specified by the Constitution[7] and County Code;[8] it possesses no power nor bears any responsibility in the absence of a specific mandate. *See* the Concurring Opinion of Mr. Justice O'BRIEN in *Citizens Committee to Recall Rizzo v. Board of Elections of the City and County of Philadelphia*, 470 Pa. 1, 31, 367 A.2d 232, 247 (1976). *See also Chester County v. Philadelphia Electric Co.*, 420 Pa. 422, 218 A.2d 331 (1966). We have made an exhaustive search of the Constitution and County Code and find no mandate for County to act as a fiduciary of the public interest. Without this mandate, County can have no fiduciary interests, and without an interest, it can have no standing. Therefore, in applying the standing criteria set forth in *William Penn Parking Garage, Inc., supra*, we conclude that County's fiduciary argument is without merit.

County next alleges that, because it is liable for the $350.00 expense of conducting a special election for

---

[7] Pennsylvania Const. art. 9, §4.

[8] Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §101 et seq.

the reduction in the number of Borough councilmen, it is aggrieved and therefore has standing to object to the incorporation.[9] We find this argument frivolous. County's pecuniary interests are de minimis and its interest in assuring the integrity and uniformity of the election process[10] is in no way affected by the incorporation.

Finally, County alleges standing in its capacity as the Board of Assessment and Revision of Taxes. It contends that Borough's defective description makes it impossible to determine the identity, location and liability for taxation of tracts of real estate within the Borough. While County tells us how it is affected by Borough's defective description, it fails to explain why it is aggrieved. The record establishes that County will lose no taxes and it fails to demonstrate that County is, in fact, adversely affected by the alleged impossibility to identify and locate properties within the Borough. Bald assertions are not sufficient to obtain standing.

Accordingly, we

## Order

And Now, this 27th day of December, 1977, the order of the Court of Common Pleas of the 39th Judicial District of Pennsylvania, Fulton County Branch, striking the Decree of Incorporation of the Borough of Valley-Hi, is hereby reversed and its order granting the Decree of Incorporation is reinstated. Accordingly, we remand to said court to decide the issues raised by the Borough's Petition to Correct Description and its Petition to Decrease the Number of Bor-

[9] Under Sections 301 and 305 of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, as amended, 25 P.S. §§2641(b), 2645, County is liable for the expenses of holding special elections and responsible for the maintenance and conduct of elections.

[10] See Commonwealth v. Brown, 149 Pa. Superior Ct. 130, 28 A.2d 259 (1942).

ough Councilmen in a manner not inconsistent with this opinion.

Judge KRAMER did not participate in the decision in this case.