Louden Hill Farm, Inc., Appellant, *v.* Milk Control Commission.

Argued January 11, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*J. Brooke Aker,* with him *Paul H. Rhoads* and *Henry W. Rhoads,* for appellant.

*Anthony W. Novasitis, Jr.,* Assistant Attorney General, with him *William D. Morgan,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, March 22, 1966:

Appellant is Louden Hill Farm, Inc., a Pennsylvania corporation. Its registered office, principal place of business and producing farm is located at Dimock, Susquehanna County; and it operates cash-and-carry dairy stores for the retail sale of store-bought milk. It sells its product in reuseable glass containers in half-gallon and gallon quantities only.

Appellee is the Milk Control Commission of the Commonwealth of Pennsylvania, an independent administrative agency created by the Milk Control Law,

Act of April 28, 1937, P. L. 417, §101 et seq., as amended, 31 P.S. §700j-101 et seq.

Pursuant to a public hearing held on August 10 and 11, 1964, at which appellant presented evidence, appellee promulgated Official General Order No. A-643. This order is a comprehensive schedule of prices governing the sale of milk and allied products at every level. At the hearings, appellant contended, inter alia, that the price of store-sold milk should be lowered. By the official general order the Milk Control Commission reduced the prices of gallon and half-gallon containers of milk, and prescribed a larger differential between store-bought and home-delivered milk than in the prior order. The reduction and differential, however, were not as great as contended for by appellant.

Louden Hill Farm filed an appeal from the order to the Court of Common Pleas of Dauphin County under the Milk Control Law of 1937, P. L. 417, §901, 31 P.S. §700j-901. This section limits appeal from orders of the Commission to "[a]ny person aggrieved." The appeal set forth appellant's position that the commission had not taken into proper consideration the economies of its method of production and marketing and it therefore requested a lowering of retail store prices and other changes.

Appellee presented a motion to dismiss the appeal contending appellant was not a party aggrieved within the meaning of the statute. The court below entered an order dismissing the appeal. From that dismissal, Louden Hill Farm took this appeal.

Who is a "person aggrieved" has been explained many times by this Court. In *Pennsylvania Commercial Drivers Conference et al. v. Pennsylvania Milk Control Commission,* 360 Pa. 477, 62 A. 2d 9 (1948), this Court reiterated what it had said in *Lansdowne Borough Board of Adjustment's Appeal,* 313 Pa. 523, 525, 170 Atl. 867, 868 (1934) : " 'A cardinal principle,

which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a direct interest in the subject matter of the particular litigation, otherwise he can have no standing to appeal. And not only must a party desiring to appeal have a direct interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial.' " To be thus aggrieved the interest of the party must be adversely affected by the order, judgment or decree appealed from. Thus in *Atlee Estate,* 406 Pa. 528, 532, 178 A. 2d 722, 724 (1962), this Court said: "A party is 'aggrieved' when he is directly and adversely affected by a judgment, decree or order and has some pecuniary interest which is thereby injuriously affected."

The interest which must be thus invaded must be one in which the appellant has a right to be protected. Thus in *Elliott Estate,* 388 Pa. 321, 131 A. 2d 357 (1957), where a co-trustee sought to appeal from a court decree refusing to vacate a previous order finding the settlor unable to take care of his property and appointing a guardian of his estate, the co-trustee was held to have no standing. Quoting *Musser's Estate,* 341 Pa. 1, 17 A. 2d 411 (1941), it was said that neither the trustee's abstract interest in seeing the settlor's intent carried out "nor his concrete interest in his fees" would be sufficient to make him aggrieved. He must, for example, be surcharged, or be protecting the rights of those unable to act for themselves. In other words, to be aggrieved a party must have suffered the invasion of a legal right.

To determine what the rights of the party are it is necessary to look to the Act as well as the pertinent facts. *Keystone Raceway Corporation v. State Harness Racing Commission,* 405 Pa. 1, 173 A. 2d 97 (1961). The Act vests in the commission the power and imposes

upon it the duty to provide a reasonable return to the producer and dealer. Act of April 28, 1937, P. L. 417, §801, as amended, 31 P.S. §700j-801. *Colteryahn Sanitary Dairy v. Milk Control Commission of Pennsylvania,* 332 Pa. 15, 1 A. 2d 775 (1938). The appellant's right is only to this reasonable return, and it so recognizes in its brief.

In order to appeal, appellant must allege that the return would not be reasonable. This it did not do. Nor could it have done so, since appellant's profit and loss statement presented at the hearings for the contested order showed an operating profit of 3.29 percent of sales before taxes under the prior order, admittedly a reasonable return. The new order allowing a greater differential between store-sold and home-delivered milk, although not as large as sought by the appellant, should tend to increase this percentage of profit.

Appellant may not complain because its profit is not maximized. *Elliott Estate,* supra.

Order affirmed.

_____

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I must dissent from the majority's unreasonably strained and narrow construction of the term "any person aggrieved" as contained in the Milk Control Law, Act of April 28, 1937, P. L. 417, 31 P.S. §700j-901 to preclude the standing of Louden Hill Farm to appeal the action of the Milk Control Commission.

Louden Hill has a direct interest in any regulation of the Milk Control Commission which prescribes the price at which it may sell its milk. Surely such interest is immediate, pecuniary and substantial. I fear that the majority has confused the question of the soundness of Louden Hill's position on the merits with the question of its standing to litigate the issue. While I express no opinion on the merits of its position, I

must conclude that Louden Hill fits squarely within the intent and language of the Act and, therefore, has standing to appeal.

Mr. Chief Justice BELL and Mr. Justice JONES join in this dissenting opinion.