Committee To Preserve Mill Creek, O'Ryan, Moore and Krafchek *v.* Secretary of Health and Shires Swim Club.

Submitted on briefs, July 5, 1971, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Robert J. Sugarman,* with him *Bernard A. Ryan, Jr.* and *Dechert, Price & Rhoads,* for appellants.

*Carl L. Mease,* Assistant Attorney General, with him *Richard B. Springer,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellee Secretary of Health.

*John Philip Diefenderfer,* with him *Stuckert, Yates & Krewson,* for appellee, Shires Swim Club.

OPINION BY JUDGE ROGERS, September 10, 1971:

This is an appeal from the action of the Secretary of the Department of Health refusing to entertain an appeal from the grant by the Bucks County Department of Health of a permit for the installation of an individual sewage disposal facility pursuant to the Pennsylvania Sewage Facilities Act, 1966, January 24, P. L. 1535 (1965), 35 P.S. 750.1 et seq.

The appellee, Shires Swim Club, Inc., a nonprofit corporation, desiring to construct a swimming pool in Northampton Township, Bucks County, applied, as required by Section 7(a) of the above cited act, 35 P.S. 750.7(a), to the Bucks County Department of Health

for a permit to locate and construct a sewage disposal system. Its application made on forms provided by the County Department of Health contains detailed information as to the location, type and size of the proposed system, the activities and number of users it is to serve, the nature of the ground in which it is to be installed and other information required by the form, and was accompanied by the results of percolation tests made by a registered engineer and sketches of the proposed installation and of the premises showing location of buildings, lot lines and other pertinent details. The applicant, as also required by the forms, agreed in writing that the system would be constructed in accordance with approved plans and with the rules and regulations and technical standards of the Health Department. In addition, the application form included a provision for Health Department inspection of the system after completion and formal certification by the Department of compliance with the approved plans and rules, regulations and standards.

The appellant, Committee to Preserve Mill Creek, is in the words of its counsel, "a group of citizens . . . concerned with the preservation of the Mill Creek Valley and its flood plain as a public asset." The individual appellants, Dennis O'Ryan, Clark Moore and Joseph Krafchek own properties adjacent to the Shires Swim Club property. All appellants are apparently in opposition to the use of the Shires property as a swim club and to this end have been engaged in zoning litigation in an effort to prevent its establishment.

The County Department of Health examined the Shires application, caused an inspection to be made of the site and issued its permit to construct the proposed sewage system. Thereafter, the appellants, by their counsel, wrote to the Secretary of Health of the Commonwealth as follows:

"This is an appeal from the grant of a permit to locate and construct an individual sewage disposal system granted by the Department of Health of Bucks County. . . . It is filed pursuant to Section 12(a) of the Pennsylvania Sewage Facilities Act of 1966, as amended, 35 Purdons Statutes Section 750.12(a).

"The grounds of the appeal are that the application for the permit fails to disclose the proper number of potential users, fails to contain provisions for adequate installation, fails to disclose the actual location of the system, and its relationship to water sources, fails to disclose the nature and type of surrounding facilities, based on percolation test findings which are inherently and demonstrably erroneous, as being inconsistent with the findings of the United States Government, was granted without consultation with appellants, despite assurances that they would be consulted, would result in grave danger to health and welfare of surrounding landowners and the community at large, is contrary to the regulations of the Department of Health in various respects and is inconsistent with plans shown on the application filed by the applicant with the Northampton Township Zoning Hearing Board.

"The opportunity for a hearing under the provisions of Section 12(a) and the Administrative Agency Law is hereby requested."

An exchange of correspondence between the writer of the above quoted letter and an Assistant Attorney General representing the Secretary of Health culminated in a denial of the appeal.

The Pennsylvania Sewage Facilities Act, *supra*, empowers the Department of Environmental Resources[1] to

---

[1] By transfer from the Department of Health effected by subsection 1901-A(14) of the Administrative Code of 1929, added 1970, December 3, P. L.     , No. 275, Section 20, 71 P.S. 510-1(14). We note that the Act does not transfer the powers and duties of the

adopt standards for the construction and installation of, *inter alia*, individual sewage disposal systems, prohibits the installation of such without a permit indicating that the site plans and specifications are in compliance with such standards and provides for the administration of permit processing activity by County or Joint County Health Departments, if established, otherwise by the municipality. Section 7(e), 35 P.S. 750.7(e) provides for a hearing before the permit processing body upon request of an applicant who has been denied a permit. No other hearing at the local level is provided for. However, Section 12(a) which was added to the Act by amendment of 1968, July 16, P. L. , No. 177, Section 2, 35 P.S. 750.12(a), perhaps in pursuance of Article V, Section 9 of the State Constitution adopted April 23, 1968, provides rights of appeal as follows:

"(a) Any person aggrieved by an action of a municipality, department of health or joint county department of health may, within thirty days after such action, appeal to the Secretary of Health who shall personally or by his designee hear the appeal in accordance with the provisions of the act of June 4, 1945 (P. L. 1388) known as the 'Administrative Agency Law.'

"(b) All actions of the department whether under subsection (a) of this section or under any other provision of the Act, shall be taken subject to the right of notice, hearing and adjudication, and the right of appeal therefrom, in accordance with the provisions of the act of June 4, 1945 (P. L. 1388), known as the 'Administrative Agency Law'."

---

Secretary of Health to the Secretary of Environmental Resources, but the record indicates that the Secretary of Environmental Resources is in fact hearing these appeals.

The Secretary of Health and Shires contend that because Section 7(e) grants the right to a hearing before the County Board of Health only to persons denied a permit, Section 12(a) was intended to provide an appeal to the Secretary of Health only for applicants failing to obtain relief at the Section 7(e) hearing. They argue further that since under the law none of the appellants is, as provided by the Administrative Agency Law, "a person aggrieved . . . who has a direct interest in . . . [an] . . . adjudication"[2] and thus entitled to a court appeal from an action of the Secretary, they should not be allowed an appeal to the Secretary. This, of course, assumes that there is a difference in meaning between the phrase "a person aggrieved" and the phrase "a person aggrieved who has a direct interest in an adjudication." The appellants contend that Section 12(a) grants a right of appeal to any person fitting the definition of a person aggrieved and that they are within this category. We are of the opinion that the individual appellants indeed were entitled to appeal and be heard by the Secretary and that they have standing to appeal to this court from the Secretary's refusal to entertain their appeal from the County Board.

If the Legislature had intended the right to appeal to the Secretary to be limited to disappointed applicants it most certainly would have said so in Section 7(e). Instead it added an entirely new section conferring this right not upon applicants but upon *any persons aggrieved*. Further, we see no reason why the Legislature might not, if it chose, provide an appeal hearing before the Secretary at the instance of persons not thereafter entitled to appeal to the court. Moreover, we are instructed by *Louden Hill Farm, Inc. v. Milk Control Commission*, 420 Pa. 548, 217 A. 2d 735 (1966)

---

[2] Act of 1945, June 4, P. L. 1388, Section 41, 71 P.S. 1710.41.

and the cases there cited that a party aggrieved is a person having a direct interest in the action appealed from. Therefore, there is not, as the appellees contend, a meaningful distinction between the standard of Section 12(a) of the Sewage Facilities Act and Section 41 of the Administrative Agency Law.

As indicated, we hold that the individual appellants are both persons aggrieved and persons aggrieved having a direct interest in the permit here in question. We are advised that the appellants Dennis O'Ryan and Joseph Krafchek reside on properties adjacent to the Shires property and that the residence of appellant Clark Moore is located downstream on a creek which flows through swim club property. In *Denny Building Corporation Appeal,* 387 Pa. 311, 127 A. 2d 724 (1956), the Supreme Court held that the owners and occupants of dwelling houses were persons aggrieved and directly affected by the action of the Philadelphia Board of License and Inspection Review exempting a builder from supplying gutters and downspouts required by statute. Mr. Chief Justice STERN pertinently wrote: "No one could be more 'aggrieved' by the action of the Board in this case or more 'directly affected' thereby than the owners and occupants of these houses, and, while the entire public is concerned as far as the overflow of the sidewalk is involved, these individuals have an obvious special interest apart from that of the general public. . . ." *Azarewicz Liquor License Case,* 163 Pa. Superior Ct. 459, 62 A. 2d 78 (1948) holds that a church located within 300 feet from a restaurant sought to be licensed for the sale of liquor had standing as a party aggrieved to appeal to the Superior Court from a lower court reversal of the Liquor Control Board's discretionary refusal of a license. To determine what the rights of the individual appellants are it is necessary to look at the Act as well as the facts. *Louden Hill Farms v. Milk*

*Control Commission, supra.* The Act imposes on municipalities and health departments the duty to issue permits only if the proposed facilities are to be constructed in accordance with standards promulgated by proper authority. Of course, this legislation is intended to promote the public health as all legislation must be for the purpose of serving the public interest; but the Act provides for the establishment of standards for the installation of both individual and community systems. It defines an individual system as a single system serving one or two lots. Granting that an individual system can by seepage create difficulty at remote and unexpected places, in most instances it is the person in the immediate vicinity who is affected by faulty on-site facilities. Plainly the Legislature in regulating individual sewage systems intended primarily to promote the health in specific cases of that comparatively small part of the public which would be peculiarly affected by inadequate facilities. We believe that it intended that such persons should have the right of hearing before the Secretary and this court *where they allege that a permit has been granted not in accordance with official standards.*

The Committee to Preserve Mill Creek is on an entirely different footing. It is not the owner of land near the site and it is not the authorized agent of any such owner and cannot, therefore, in the legal sense be aggrieved by the grant of the permit or have a direct interest in the denial of the appeal to the Secretary. See *Cleaver Appeal,* 24 D. & C. 2d 483 (1961).

We have included above a verbatim rendering of portions of the appellants' appeal to the Secretary. Our purpose was to indicate that most of the grounds relied upon would not justify relief if proved, and hopefully thereby to avoid the flood of appeals anticipated by the Secretary. The appellants' interest entitled to the pro-

tection by appeal is that the facility to be constructed on their neighbor's lot be installed in accordance with official standards. That the application may be inartful, or that appellants were not consulted by the County Health Department, or that the percolation tests are inconsistent with a government soil survey, or that appellants are of the opinion that the grant of the permit will result in "grave danger to health and welfare of surrounding landowners and the community at large," accord the appellants no standing. Their allegations that the permit as granted is contrary to standards of the Department and inconsistent with the application, do.

The history of this proceeding, which includes extremely dilatory conduct on the part of appellants' counsel, lends credence to Shires' allegation that the purpose of this appeal is to prevent the establishment of a swimming facility in the Mill Creek Valley. For this reason we make the following order:

And now this 10th day of September 1971 the appeals of Dennis O'Ryan, Clark Moore and Joseph Krafchek are sustained; the appeal of the Committee to Preserve Mill Creek is quashed; the appellants Dennis O'Ryan, Clark Moore and Joseph Krafchek are directed to specify in writing to the Secretary of Environmental Resources in what respects the permit granted Shires Swim Club, Inc. does not conform to departmental standards within ten (10) days from this date, failing which, this Order, upon motion of the appellees or either of them, may be vacated and the appeals herein sustained, dismissed.