## Thomas v. Crawford County Commissioners

*John D. Petroso,* for plaintiff.

*R. Charles Thomas and Robert D. Dornhaffer,* for defendants.

ROWLEY, *J.,* Specially Presiding, July 25, 1975—This case is before the court on the motions of (1) the Board of County Commissioners of Crawford County, Pennsylvania (Commissioners), and (2) Mrs. Linda Porter (Porter) a former employe in the Adult Probation Department of Crawford County (jointly referred to hereinafter as appellees), to quash an appeal filed by President Judge P. Richard Thomas (appellant) of the Court of Common Pleas of Crawford County, pursuant to section 7 of the Local Agency Law of December 2, 1968, P.L. 1133, 53 P.S. §11307, from an adjudication of the commissioners. The Judges of the Court of Common Pleas of Crawford County disqualified themselves to preside and hear Judge Thomas's appeal. On February 26, 1975, the Supreme Court of Pennsylvania specially assigned the writer of this opinion "to hear and determine the matter."

Answers have been filed by counsel for Judge Thomas to the appellees' motions to quash. At the oral argument on appellees' motions, the matter was submitted for the court's determination on the following record: (1) the commissioners' Adjudication, (2) the appeal, (3) appellees' motions to quash and the answers of Judge Thomas thereto, (4) two

letters written by Judge Thomas, one on September 26, 1974, the other on October 9, 1974, and (5) a brief transcript of a short exchange between counsel for the parties prior to the first "hearing" before the commissioners. It is important to bear in mind that the issues raised by Judge Thomas's appeal are *not* before us for decision at this time. Only those issues raised preliminarily by appellees' motions to quash and Judge Thomas's answers thereto are pending before us and decided in this opinion.

From the record before us it appears that Mrs. Linda Porter, prior to September 3, 1974, was a clerk-secretary in the adult probation office of Crawford County. On September 3, 1974, Mrs. Porter, at the direction of Judge Thomas, was dismissed by the chief probation officer. Apparently, Mrs. Porter requested a hearing on her dismissal. This request was refused by Judge Thomas in a letter dated September 26, 1974, to Mrs. Porter's counsel in which Judge Thomas said, inter alia: "I suggest you file some type of formal legal action to which the named parties defendant could file a response and upon which the Court could make a ruling or schedule such further action as is deemed appropriate."

At a subsequent meeting of the Salary Board of Crawford County, that board refused to set or adjust salaries for employes under the court's jurisdiction. One of the reasons for such a refusal by the salary board was "an apprehension about Linda Porter's status as a discharged employee." Judge Thomas, in a letter of October 9, 1974, to the county solicitor, said: "Since the Commissioners are so vitally concerned about the dismissal of this employee and are convinced that she is entitled to

a hearing I strongly suggest you immediately initiate on behalf of the Commissioners whatever legal action *you deem appropriate* to bring this matter before the *appropriate* 'local agency' for a hearing.'' (Emphasis supplied.)

Eventually, the commissioners established themselves as the local agency to hold the hearing requested by Mrs. Porter. Following several hearings at which Judge Thomas was represented by counsel and participated, the commissioners filed an adjudication on December 13, 1974. In the adjudication they determined that Judge Thomas had the ''authority to hire and fire personnel'' in the probation office. They also found that the dismissal of Mrs. Porter constituted an adjudication within the meaning of the Local Agency Law and that since she had not been provided with an opportunity to be heard prior to her dismissal, ''her attempted dismissal on September 3, 1974 was therefore invalid.'' The commissioners, as a result, concluded that Mrs. Porter was still an employe of Crawford County and entitled to her compensation as clerk-secretary. The board then decided that ''just cause'' existed for Mrs. Porter's dismissal and that her ''continued presence in said office would be detrimental to the smooth functioning of said office.'' As a result the commissioners terminated Mrs. Porter from her employment in the probation office effective December 16, 1974, and ordered that she be paid compensation to that date. It was from that adjudication that Judge Thomas filed the present appeal.

The commissioners and Mrs. Porter argue, in support of their motions to quash the appeal, that Judge Thomas: (1) has no standing to appeal, (2) has waived his right to appeal, (3) is estopped by

his conduct, subsequent to the adjudication, from appealing, and (4) that the appeal has not been properly filed. We have concluded that the record before us does not support any of these contentions and that the motions to quash Judge Thomas's appeal must be denied.

## I. STANDING TO APPEAL

Section 7 of the Local Agency Law, 53 P.S. §11307, provides that: "Any person *aggrieved* by a final adjudication who has a *direct interest* in such adjudication shall have the right to appeal therefrom." (Emphasis supplied.)

The words "aggrieved" and "direct interest" were not defined by the legislature when it enacted the Local Agency Law. However, they have a clear and definite meaning in the law. Perhaps the leading statement of their meaning is to be found in the decision of the Supreme Court in Louden Hill Farm, Inc. v. Milk Control Commission, 420 Pa. 548, 217 A.2d 735 (1966). There the court said, pages 550 and 551:

"Who is a 'person aggrieved' has been explained many times by this Court. In Pennsylvania Commercial Drivers Conference et al. v. Pennsylvania Milk Control Commission, 360 Pa. 477, 62 A.2d 9 (1948), this Court reiterated what it had said in Lansdowne Borough Board of Adjustment's Appeal, 313 Pa. 523, 525, 170 Atl. 867, 868 (1934):

' "A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a direct interest in the subject matter of the particular litigation, otherwise he can have no standing to appeal. And not only must a party desiring to appeal

have a direct interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial." ' To be thus aggrieved the interest of the party must be ·adversely affected by the order, judgment or decree appealed from. Thus in Atlee Estate, 406 Pa. 528, 532, 178 A.2d 722, 724 (1962), this Court said: 'A party is "aggrieved" when he is directly and adversely affected by a judgment, decree or order and has some pecuniary interest which is thereby injuriously affected.'

"The interest which must be thus invaded must be one in which the appellant has a right to be protected."

It is to be noted that in defining the term "person aggrieved" the court used the words "direct interest." In fact, in Committee to Preserve Mill Creek v. Secretary of Health, 3 Pa. Commonwealth Ct. 200, 281 A.2d 468 (1971), the court held that there is no meaningful distinction between a statute that requires that an appellant be an "aggrieved person" and one that requires that the appellant be an "aggrieved person who has a direct interest" in the litigation. We are satisfied that Judge Thomas, in this case, does have a "direct interest" in the adjudication of the commissioners and is a "person aggrieved" thereby.

Appellees argue that Judge Thomas is not aggrieved by the commissioners' adjudication because his firing of Mrs. Porter was "upheld." It is true that the commissioners concluded that sufficient grounds existed to justify the discharge of Mrs. Porter. However, it is quite clear that the commissioners, in paragraph 1(b) of their findings, concluded that Mrs. Porter's "attempted

dismissal on September 3, 1974 was . . . invalid."
In addition, in Finding No. 2 the commissioners
concluded that Mrs. Porter "was not validly termi-
nated on September 3, 1974 and, therefore, [was]
still an employe of Crawford County and [was] still
entitled to her compensation as clerk-secretary."
The commissioners then having determined that
sufficient grounds existed for the termination fired
her as of December 16, 1974, and awarded her
compensation to that date. Such findings and con-
clusions do not "uphold" the court's action of Sep-
tember 3, 1974. Judge Thomas and the Court of
Common Pleas of Crawford County have a very
direct interest and concern in the proper and effi-
cient working and operation of the probation de-
partment to which is delegated the responsibility
of supervising and carrying out many of the court's
decrees and orders. The commissioners concede
that the office is a sensitive one. They also agree
that many of the records of that department are
confidential. To say that Judge Thomas and the
Court of Common Pleas of Crawford County,
under whose direction and control that depart-
ment functions, have not been substantially and
adversely affected by the commissioners' determi-
nation that appellant's firing of Mrs. Porter on Sep-
tember 3, 1974 was "invalid," is to disregard the
realities of the situation.

Appellees also argue, however, that Judge
Thomas has no pecuniary interest in the adjudica-
tion or decision of the commissioners and that,
therefore, he has no standing or right to be hear on
appeal. It is true that Judge Thomas has no per-
sonal or private pecuniary interest (other than that
of an ordinary taxpayer) in the commissioners' de-
termination to pay Mrs. Porter an additional three

and one-half months compensation. However, Judge Thomas, in his capacity as a member of the salary board and as administrative head of the Court of Common Pleas of Crawford County has a pecuniary interest in seeing to it that moneys appropriated to the court's budget are properly and efficiently expended. That is an obligation owed to the citizens and taxpayers of Crawford County and one which gives him a "pecuniary" interest in the commissioners' decision in every real sense of the term. In addition, it is not at all clear that in a case such as this the appellant's interest must be of a "pecuniary" nature. In Roeder v. Hatfield Borough Council, 439 Pa. 241, 266 A.2d 691 (1970), the court held that a borough resident was an "aggrieved" person and had standing to appeal from an ordinance of the borough which he alleged constituted spot zoning. It appears from a reading of the opinion that the appellant in that case did not own property in the area of the borough that was rezoned. There is no indication in the court's opinion that the appellant in that case had any "pecuniary" interest that gave him standing to maintain the appeal. In Ardmore Manor Civic Assn. v. Haverford Twp., 51 D.&C.2d 417 (1970), Judge deFuria of Delaware County suggested that in Roeder, supra, the Supreme Court had gone far beyond prior decisions and has expanded the right of appeal. If, as alleged in Judge Thomas's appeal, the commissioners have authorized an improper expenditure of funds from the court's budget, who has better standing to appeal that conclusion?

The issues raised by Judge Thomas in his appeal involve the delicate balance and relationship between two separate and independent branches of government. Attorney General Robert P. Kane of

Pennsylvania, in an opinion dated February 24, 1975, to Judge Alexander Barbieri, State Court Administrator, said: "Under our Constitution, the powers of the government are divided between three independent co-ordinate branches: the legislature, the executive and the judiciary. The Supreme Court of Pennsylvania has made it clear that the principle of separation of powers was established to maintain and protect the independence of the three branches." 5 Pa. Bull. 460 (1975).

He went on to point out that each of the three branches of government is entitled to the "free, unbiased, uninfluenced and independent exercise of all their rights, powers and privileges in as ample extent as the Constitution allows." A necessary corollary of such a separation of powers is that the courts "have certain inherent rights and powers to do all such things as are reasonably necessary for the administration of justice." This power includes the power to appoint and discharge necessary attendants: Sweet v. Pa. L.R.B., 457 Pa. 456, 462, 322 A.2d 362 (1974). Judge Thomas has a very substantial, immediate, and direct interest in maintaining that constitutional balance. The action of the commissioners in (1) declaring themselves the local agency to hear Mrs. Porter's appeal and (2) passing upon the validity of her termination, and their conclusion that the termination by Judge Thomas was "invalid" certainly gives Judge Thomas the requisite standing to present the issues for determination on appeal. We hold, therefore, that Judge Thomas is an aggrieved person with a direct interest in the commissioners' adjudication and, therefore, has standing to present his appeal in this case.

## II. WAIVER

Appellees also argue that Judge Thomas "waived" his right to appeal from the commissioners' adjudication. This argument is based on Judge Thomas's letter of October 9, 1974, to the county solicitor quoted above, in which Judge Thomas suggested that the commissioners institute whatever action they "deem appropriate." Appellees also argue that Judge Thomas's attendance and participation at the hearing before the commissioners constitutes a waiver. We are of the opinion that none of these matters constitute a waiver as claimed. The record discloses that immediately prior to the commencement of the hearing before the commissioners counsel for Judge Thomas entered an objection to the hearing on the ground that Mrs. Porter's dismissal was not subject to the Local Agency Law and secondly that the commissioners were not the correct agency. That objection was overruled by the county solicitor on behalf of the commissioners and the hearing proceeded. A person who participates in a hearing, after his objection to its proceeding has been overruled, does not thereby lose or waive his right to raise the issue subsequently. Moreover, the objection to the commissioners constituting themselves as the agency to hear Mrs. Porter's appeal is in essence an objection to the commissioers' jurisdiction. It is clear that an objection to such jurisdiction can never be lost by estoppel or waiver. Jurisdiction of subject matter that is lacking may not be supplied by consent of the parties or failure to object: Drummond v. Drummond, 414 Pa. 548, 200 A.2d 887 (1964). Also see: Price v. The Community Action Board, 62 D.&C.2d 668 (1972). Nor does Judge Thomas's letter of October 9, 1974

constitute a waiver. It appears that because of the insistence of Mrs. Porter upon a hearing following her dismissal, the Salary Board of Crawford County refused to set or adjust salaries for the court's other employes for the subsequent year. Judge Thomas quite understandably was concerned about having the issue resolved so that salaries could be set and a budget prepared for the continued operation and functioning of the court. In that light, his letter to the county solicitor dated October 9, 1974, can be seen as nothing more than a request that the county do something and the determination of what was done and its appropriateness was left to the county. By no stretch of the imagination did Judge Thomas, in that letter, consent or agree that the commissioners should act as a hearing body or that any decision made by them would be binding on the court. Obviously, Judge Thomas did not and could not properly have advised either the county solicitor or counsel for Mrs. Porter how to best protect the interests of their respective clients and what legal action to take. It is clear to us that Judge Thomas only wanted the matter resolved as soon as possible and asked that something be done to obtain such a resolution. We, therefore, hold that Judge Thomas did not, either in his letter of October 9, 1974, or by his appearance at the hearing, waive his right to appeal from the commissioners' subsequent adjudication.

## III. ESTOPPEL

The appellees next argue that Judge Thomas is estopped from appealing from the commissioners' adjudication by his conduct subsequent to the date of the adjudication. This contention is based upon a conversation between the county solicitor and Judge Thomas shortly after the adjudication was

filed. However, as in all such cases, there is a divergence of opinion as to what was said during that conversation. While counsel for the respective parties involved referred to such a conversation during the oral argument before us, there was no agreement or stipulation as to what was said or done. No record has been made and no evidence or testimony has been presented or offered on the issue. Therefore, there is absolutely no record before us at this time of any action or conduct by Judge Thomas following the filing of the adjudication that constitutes an estoppel. The burden is on those who claim that the appellant is estopped by his conduct from prosecuting his appeal to prove that such is the case. In this case, as we have said, the appellees have totally failed to present any evidence from which such a finding could be made. For these reasons, we conclude that Judge Thomas has not waived his right to appeal from the commissioners' adjudication.

## IV. FILING

Finally, appellees allege that Judge Thomas's appeal has not been properly filed in this case. This argument is based, first, upon the contention that the commissioners should not be named in the caption because they are not a proper party and, second, that Mrs. Porter and the chief probation officer have not been named in the caption and should have been. Such an argument is without merit. The Local Agency Law does not prescribe the form in which the appeal must be filed. However, Pa. R.C.P. 3 (which was recinded on June 23, 1975) provided that the caption of an appeal to the Court of Common Pleas from an administrative agency should include in the caption the name of the agency from which the appeal was taken and

the name of appellant. That was the procedure followed by Judge Thomas in filing his appeal in the present case. Since the Local Agency Law does not prescribe the form which the appeal must take and since the prevailing practice at the time the appeal was filed is consistent with that followed by Judge Thomas we conclude that the appeal is properly filed. Both the county and Mrs. Porter concede that they received notice of the appeal and we know of no requirement that they be named in the caption of the case. The appellees also argue that the probation officer who actually notified Mrs. Porter that she was dismissed should have been named as a party but that officer was only acting under instructions from Judge Thomas and is not a party in interest in this proceeding. For these reasons, we conclude and hold that the appeal has been properly filed.

## V. CONCLUSION

At the argument before us it was argued that court-related employes are not exempt from the Local Agency Law and in any event Mrs. Porter was not a court-related employe. However, those are matters that go to the merits of the appeal and are not relevant to the issues raised by appellees' motions to quash. We reiterate that we have not reached the merits nor expressed an opinion thereon in this decision. Those matters will be considered and determined at subsequent proceedings according to the appropriate provisions of the Local Agency Law. In this respect we have been advised that a full and complete record of the proceedings before the commissioners was made. In such a case, section 8(b) of the Local Agency Law, 53 P. S. § 11308(b) requires that we "hear the appeal without a jury on the record certified by the

local agency." Previous to the hearing on appellees' motions to quash the court held a pre-trial conference with counsel for all of the parties concerned. At that time an effort was made to determine what portions of the record before the commissioners needed to be transcribed and certified to the court for the purpose of disposing of or determining the appeal. However, no agreement between counsel was reached. For that reason, it will be necessary that the full and complete record of the proceedings before the commissioners be certified by the commissioners to the court in order that a hearing may be held thereon. When the record is certified we will schedule a hearing on the merits of the appeal.

For all of the foregoing reasons, we make the following

### ORDER

Now, July 25, 1975, the motions of Linda Porter and the Commissioners of Crawford County to quash the appeal filed by Judge Thomas are denied. It is further ordered and directed that the Commissioners of Crawford County certify to the court as soon as possible the full and complete record of the proceedings before them in this matter.