## In re Becker

K. *Muriel Becker,* appellant, p.p.
*Dennis J. Harnish,* for Department of Environmental Resources.

JOSEPH L. COHEN, *Member,* January 23, 1976—This matter is before the board on the appeal of K. Muriel Becker from the action of the Department of Environmental Resources (hereinafter "DER") in designating a facilities planning area to include the whole or portions of Hanover Borough and Penn Township, York County, McSherrystown Borough and Conewago Township, Adams County, Pa. The designation of a planning area is a prerequisite for the receipt of Federal funds by municipalities for sewage treatment purposes authorized by the Federal Water Pollution Control Act, 33 USC §1251, et seq., June 30, 1948, as amended, 86 Stat. 816.

Appellant vigorously opposes any governmental action which, in any manner, could lead to the receipt by Conewago Township, Adams County, Pa., of public funds. The reasons for the appeal are set forth in appellant's letter of April 17, 1975, addressed to this board and in her notice of appeal filed with the board on May 9, 1975. On July 16, 1975, DER filed a motion to dismiss, alleging that appellant lacks standing to appeal and that the action from which the appeal was taken is not appealable. On October 15, 1975, the board issued an order denying the motion to dismiss the appeal.

On November 10, 1975, the writer of this adjudication held a prehearing conference with appellant, who was not represented by counsel in this proceeding, and Dennis J. Harnish, Esq., representing DER. Thereafter, on November 18, 1975, the board received a letter from appellant authorizing the board to adjudicate the appeal on the basis of the documents filed in this matter. We, therefore, enter the following:

## FINDINGS OF FACT

1. Appellant is K. Muriel Becker, 4436 Burlington Place, N.W., Washington, D.C. 20016.

2. Appellee is DER, the agency of the Commonwealth authorized to administer The Clean Streams Law of June 22, 1937, P. L. 1987, as amended, 35 PS §691.1, et seq., and to discharge certain responsibilities in connection with Federal grants to municipalities authorized by the Federal Water Pollution Control Act, 33 USC §1251, et seq.

3. On or about March 29, 1975, DER took the following action:

"Notice is hereby given that the Department of Environmental Resources has received a request from Hanover Borough and Penn Township—York County, McSherrystown Borough and Conewago Township—Adams County for delineation of a 201 facilities planning area including the whole or portions of Hanover Borough and Penn Township—York County, McSherrystown Borough and Conewago Township—Adams County. The Department has delineated the 201 facilities planning area in the Commonwealth of Pennsylvania to assure that the Federal construction grants are used in a cost effective and environmentally sound manner. Timely completion of an acceptable facilities plan by the responsible parties for the area delineated is a prerequisite for the award of Federal grants to prepare construction plans and specifications and for the actual construction of water pollution control facilities.

"The Department, therefore, pursuant to 5(b) (2) of the Clean Streams Law, Act of June 22, 1937, P. L. 1987, as amended, 35 PS 69.15(b) (2) and also the United States Environmental Protection

Agency Regulations pertaining to State and local assistance 40 C. F. R. 35-917-2 promulgated under the Federal Water Pollution Control Act Amendments of 1972, herewith delineates a 201 facilities planning area covering, either whole or portions of the Hanover Borough and Penn Township—York County, and McSherrystown Borough and Conewago Township—Adams County. . ."

4. On April 21, 1975, the board received the following communication from appellant:

"In accordance with Public Notice of Department of Environmental Resources, March 29, 1975, relating to 201 facilities planning for Hanover Borough and Penn Township, York County, McSherrystown Borough and Conewago Township, Adams County, I should like to offer exceptions which pertain to Conewago Twp.

"My former home, a fine property in a residential neighborhood of Conewago Township was invaded and taken for public purposes without compensation, under the exercise of the township's and county's police powers, without recourse to Eminent Domain. This taking took place with the support of the County Court (which refused to entertain my complaints) and the support of the County Commissioners and law enforcement officials. The county and township have promoted conditions which lead to grant of public funds, even when this involves destruction of property and displacement of residents which do not conform to the appropriate statistics. I would respectfully suggest:

"1. Large sums of money have already been wasted on sewage disposal in Conewago Township, because of hasty and careless planning and lack of a feasibility study.

"2. No planning or zoning exists in Conewago Township (or in Adams County).

"3. Conditions in Conewago Township sought to be cured were deliberately contrived, with full knowledge of the damage that would result. Citizen participation was refused.

"4. Civil rights were denied to residents and property owners.

"5. Conewago Township (and Adams County) operate as above the law, i.e. State and Federal law. Only ordinances, regulations and whims which they themselves promulgate—frequently without the legal requirement for publication and notice—are enforced. Thus law enforcement in Adams County is completely at variance with law enforcement in York Co.

"Having been robbed of my home and the savings of a half century, denied the rights guaranteed to a citizen under the Constitution, and displaced from career employment, I take a dim view of even one penny of my tax dollars going into this project. I respectfully request that the conditions referred to above be corrected before any grant of funds be made.

"If the foregoing is not sufficient, I would be pleased to have the appeal form and copy of regulations governing procedure before the Board. I shall be glad to provide proof of the statements I have made. If a hearing is scheduled, I shall be glad to attend. However, for health reasons, I would not be able to attend a hearing in Conewago Township."

5. Thereafter, on May 9, 1975, appellant filed a notice of appeal with the board in which she recited the following reasons for her appeal:

"As a former resident and property owner of Con-

ewago Township, the following objections apply particularly to that township:

"a. Violation of civil and property rights by the township, its agents and officials, i.e. taking, using, assuming control over and capitalizing on private property at 204 Linden Avenue, Hanover, Pa., for a period of seven years, for public purposes, without compensation.

"b. Neglect and/or refusal to enforce Federal and State laws by the Township, its agents and officials and by Adams County, its officials and agents, specifically, the excercise of police powers to harass, threaten and intimidate a private property owner.

"c. Disparity of local ordinances and law enforcement with those of adjoining municipalities to be served by the contemplated facility; lack of planning, zoning and building regulations.

"d. Refusal to abate environmental nuisances and hazards, ignoring citizen complaint in this regard, thereby causing, contributing to or accelerating conditions now sought to be cured at public expense."

6. At all times relevant to this appeal, appellant neither resided, nor owned property, nor conducted a business enterprise in Conewago Township, Adams County, Pa., nor in any other portion of the designated facilities planning area.

## DISCUSSION

In its motion to dismiss the appeal, DER, inter alia, raises the question of appellant's standing to appeal. Inasmuch as appellant is neither a resident, nor an owner of property, nor the proprietor of a business enterprise in either Conewago Township, Adams County, Pa., nor in any portion of the designated facilities planning area, we have no al-

ternative but to dismiss this appeal on the basis of Community College of Delaware County v. Fox, Pa. Commonwealth Ct. 335, 342 A.2d 468 (1975). In Fox, the court applied "the aggrieved person" standard to determine the standing of a party to appeal a decision of DER to the Environmental Hearing Board. A person may not appeal to the Board from an action of DER unless that person is "aggrieved" by said action. As the court in Fox said:

"To be aggrieved a person must have a direct interest in the action appealed from. Loudon Hill Farm, Inc. v. Milk Control Commission, 420 Pa. 548, 217 A.2d 735 (1966); Committee to Preserve Mill Creek, supra . . .": 342 A.2d at 475.

Within these standards, appellant is not an aggrieved party and, therefore lacks standing to maintain this appeal.

## CONCLUSIONS OF LAW

1. The board has jurisdiction over the parties and the subject matter of these proceedings.

2. A person may appeal to the Environmental Hearing Board from an action of DER only if such person has a direct interest in the action.

3. A person does not have a direct interest in DER action if such person neither resides nor owns property nor conducts a business enterprise in the geographical area to which DER action applies.

4. Appellant does not have the requisite standing to appeal the action of DER in designating the area in question as a facilities planning area for the reason that she neither resides nor owns property nor conducts a business enterprise in the affected area.

718

## ORDER

And now, January 23, 1976, the appeal of K. Muriel Becker from the action of the Department of Environmental Resources in designating the whole or portions of Hanover Borough and Penn Township, York County, Pa., McSherrystown Borough and Conewago Township, Adams County, Pa., as a facilities planning area, is hereby dismissed.