## Anthony v. Commonwealth

*Robert L. Anthony,* appellant, pp.
*Dennis M. Coyne,* for Commonwealth.
*David J. Natale* and *Joseph A. Damico, Jr.,* for intervenors.

DENWORTH, December 10, 1976 — These are three separate appeals brought by the same individual, Robert L. Anthony, of Nether Providence, Delaware County, Pennsylvania. They are treated collectively here because they are related, and because they are being dismissed by the board on the same ground—namely, that appellant lacks standing to appeal from the various actions of the Department of Environmental Resources (Department) of which he complains.

Through these appeals appellant seeks to oppose the encasement of an unnamed tributary of Ridley Creek for a distance of approximately 700 feet and to challenge the adequacy of erosion and sedimentation control plans in connection with two developments on Brookhaven Road in Nether Providence Township, Delaware County. The appeals docketed at 76-112 and 76-151 relate to a development of town houses being constructed by Wallingford Associates. The appeal docketed at 76-152 relates to another housing development being constructed by Winterloch Corporation on the same stream, but separated by an intervening property.

Docket No. 76-112, filed by appellant on August 23, 1976, is an appeal from a letter dated December 4, 1973, sent by Vaden Butler, Chief of the Department of Dams and Encroachments, to the owner of Wallingford Associates, stating that plans for a retention basin and erosion and sedimentation control were satisfactory and stating that the letter "shall constitute the only permit necessary provided the project is constructed according to the plan submitted." Appellant claims to have received notice of this "permit" by observing construction, including installation of a sewer line, which he argues was not covered by the approval, in July of 1976; and consequently, to be justified in filing his appeal in August, 1976, at least two and a half years after the "permit" was issued. In docket No. 76-151, appellant has appealed a new permit issued by the department on November 1, 1976, to Nether Providence Township approving installation of a sanitary sewer extension (now largely installed apparently) and in conjunction therewith, the erosion and sedimentation control plan filed by Wallingford Associates.

In docket No. 76-152, appellant appealed from the issuance of a letter dated November 1, 1976, from Christian Beechwood, Regional Sanitary Engineer for the department's Region 1, to Daniel Miller, president of Winterloch Corporation, informing him that Winterloch Corporation's proposed encasement of the stream above the Wallingford Valley development was an encasement of a purely private stream and would not require a permit.

Appellant has asked the board to enter an immediate supersedeas in all three of these appeals to prevent work from proceeding on these sites as

permitted, or not permitted, as the case may be. After some difficulty in locating all of the parties, the board, in a conference call held on November 18, 1976, tentatively set a hearing date on the supersedeas petitions for November 29, 1976. However, at that time certain preliminary issues were raised by the board and the parties—primarily the question of whether appellant has standing to take these appeals. The parties were asked to submit motions and briefs on this question to the board by November 23, 1976. Wallingford Associates has filed a motion to dismiss the appeal at 76-112 on the ground of untimeliness and mootness, as well as appellant's lack of capacity to appeal, and to dismiss the appeal at 76-151 on the ground that appellant has no standing to appeal. Winterloch Corporation, the developer in 76-152, has also filed a motion to dismiss that appeal on the ground that appellant lacks standing. Both developers have (belatedly) filed petitions to intervene, which the board routinely grants where petitioner is the permittee or the developer affected by a permit or action of the department. After reviewing the briefs, the board informed the parties on November 26, 1976, that the appeals would be dismissed and consequently no supersedeas hearings would be held.

Appellant is an environmentally active individual, who is a citizen and taxpayer of Nether Providence Township. He is not represented by counsel. He lives at 103 Vernon Lane, Moylan, which is approximately two miles from the site of these developments. In his affidavit and brief submitted to the board in support of his standing, he asserts that his interest is as a resident and taxpayer of Nether Providence Township who "enjoys

the open space and small streams and major creeks, Ridley and Crum Creek, which are within the Township's borders."

Upon review of the briefs and the Pennsylvania law on standing, we are forced to conclude that appellant has no standing to appeal the actions of the department here, if indeed they are appealable. The courts of Pennsylvania have held that to be a "person aggrieved" entitled to appeal an administrative agency decision under statutes such as the one applicable to appeals, to this board, Act of April 9, 1929, P.L. 177, as amended, 71 P.S. §510-21, a person must have a direct and immediate interest that is adversely affected by the action appealed from: Community College of Delaware County v. Fox, 20 Pa. Commonwealth Ct. 335, 342 A.2d 468 (1975); Louden Hill Farm, Inc. v. Milk Control Commission, 420 Pa. 548, 217 A.2d 735 (1966); Committee to Preserve Mill Creek v. Secretary of Health, 3 Pa. Commonwealth Ct. 200, 281 A.2d 468 (1971). In those cases the courts have found standing in adjacent property owners who are directly affected by the actions complained of, but have denied standing to citizens and groups who simply have a general interest in protecting and preserving the environment. The Commonwealth Court has in fact suggested in both the Fox and Mill Creek cases that a person must have a direct pecuniary interest in order to be entitled to appeal. This board has in two recent decisions: Western Pennsylvania Conservancy v. Commonwealth of Pennsylvania, Department of Environmental Resources, EHB docket no. 74-028-C, issued May 7, 1976; PA Council of Trout Unlimited, et al v. Commonwealth of Pennsylvania, Department of Environmental Resources,

EHB Docket No. 75-044-D, issued May 7, 1976, expanded somewhat on the concept of direct interest to include, in keeping with the federal law on standing to assert environmental injuries, groups whose members can establish an "injury in fact" in that the public lands which they use and enjoy may be adversely affected by a proposed activity. See Sierra Club v. Morton, 405 U. S. 727, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972). All of these cases, including the board's recent decision (see Muriel K. Becker v. Commonwealth of Pennsylvania, Department of Environmental Resources, EHB docket no. 75-118-C, issued January 23, 1976) recognize that it is not enough for purposes of standing to appeal an agency decision to have an interest as a resident and taxpayer in protecting certain environmental values. As the United States Supreme Court said in Sierra Club v. Morton:

". . .But a mere 'interest in a problem,' no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem, is not sufficient by itself to render the organization 'adversely affected' or 'aggrieved' within the meaning of the APA. . . . if a 'special interest' in this subject were enough to entitle the Sierra Club to commence this litigation, there would appear to be no objective basis upon which to disallow a suit by any other bona fide 'special interest' organization, however small or short-lived. And if any group with a bona fide 'special interest' could initiate such litigation, it is difficult to perceive why any individual citizen with the same bona fide special interest would not also be entitled to do so.

"The requirement that a party seeking review

must allege facts showing that he is himself adversely affected does not insulate executive action from judicial review, nor does it prevent any public interests from being protected through the judicial process. It does serve as at least a rough attempt to put the decision as to whether review will be sought in the hands of those who have a direct stake in the outcome. That goal would be undermined were we to construe the APA to authorize judicial review at the behest of organizations or individuals who seek to do no more than vindicate their own value preferences through the judicial process." (Footnotes omitted.) 405 U. S. at 739-40.

Mr. Anthony is clearly not within any of the categories outlined in the cases cited that would enable him to appeal these actions of the department. He is not an adjacent property owner, nor is his own property in any way affected by the development activities complained of. In the numerous papers he has filed with the board he asserts that the intervening property owner did not consent to the encasements of the stream. However, she is not an appellant in these cases. Mr. Anthony is appealing as an individual. He belongs to no group that includes affected property owners who might have standing to assert these injuries. Appellant does claim that there are several parks downstream from these developments that he uses and enjoys and that standing should be found on that ground, since the encasement of this stream and the erosion and sedimentation measures taken by the developers may have an effect on Ridley Creek downstream. It is not possible to establish from any of the documents in the record just how far these parks are from the properties being

developed. However, we believe that to grant appellant standing on this basis would indeed, as counsel in 76-152 asserts, "stretch the rationale of the Western Pennsylvania Conservancy and PA Council of Trout Unlimited adjudications beyond their breaking point." Those cases involved organizations seeking to protect adjacent public park lands from damage that was asserted on behalf of many users. Here appellant's interest is simply too remote to grant him standing on the principles articulated in those opinions.[1]

It should be noted that the fact that the department has listened to Mr. Anthony's complaints and included him in administrative conferences held to consider the questions he raised relating to both of these developments, cannot confer standing on Mr. Anthony to appeal to this board. The department may be commended for its consideration of Mr. Anthony's complaints and point of view. Apparently Mr. Anthony was responsible for bringing to the department's and the parties' attention, the fact that a sewer extension was not covered by the 1973 permit. He also made a well-articulated, if somewhat general presentation, as to the likely environmental damage from the developer's proposed actions here.[2] While it may be appropriate

---

1. Perhaps one day the environment will have standing to sue on its own behalf through a guardian appointed as trustee. See Should Trees Have Standing?—Toward Legal Rights for Natural Objects, 45 S.Cal. L. Rev. 450 (1972); and a recent article, Steinhart, The Laws of Nature, Harper's, November, 1976. However the Pennsylvania courts by which we are bound, and for that matter the federal courts, are along way from recognizing that concept of standing.

2. It appears from some of the papers he has submitted

for the department to take account of a citizen's complaints or opinions in making a decision in a particular case, the department's consideration of those views does not confer standing upon every citizen for purposes of appealing to this board.

Under the present law we can see no possible basis upon which appellant could be said to have standing to take these appeals. Consequently, the appeals must be dismissed. It may be noted that there are other grounds—certainly in the case of docket no. 76-112, untimeliness and mootness—upon which these appeals might be dismissed. However, as the issue of standing is dispositive, it is unnecessary to reach those issues.

## ORDER

And now, December 10, 1976, the petitions to intervene filed by Wallingford Associates and Winterloch Corporation are granted. The appeals of Robert L. Anthony at Docket Nos. 76-112-D, 76-151-D, 76-152-D are hereby dismissed for lack of standing.

---

that what appellant really desires is that there be no encasement of the stream and that the developers preserve a certain area adjacent to the stream as natural land. In the absence of a duly adopted regulation imposing it, such a development requirement, however desirable, is not a proper matter for the department to consider. Without a state law on the subject, such a requirement would be a local planning decision appropriately made by a local planning agency under Community College of Delaware County v. Fox, supra, and should not enter into the department's decision as to whether or not to grant a sewer extension permit or approve an erosion and sedimentation control plan.