621 A.2d 1149

In re Appeal of Paul F. SIDOREK
and Sarah P. Sidorek, his wife.

Appeal of SUSQUEHANNA COUNTY, Pennsylvania, Appellant.

In re Appeal of Paul F. SIDOREK and Sarah
P. Sidorek, his wife, Appellants.

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1992.

Decided Feb. 12, 1993.

L. Carter Anderson, for appellant, Susquehanna County.

Helen R. Vanston, for appellee/appellants Paul F. and Sarah P. Sidorek.

Before COLINS and McGINLEY, Judges, and NARICK, Senior Judge.

COLINS, Judge.

Susquehanna County (County) and Paul F. and Sarah P. Sidorek (the Sidoreks) cross appeal from the April 14, 1992 opinion and order of the Court of Common Pleas of Susquehanna County (Common Pleas) remanding the Sidoreks' tax assessment appeal to the County's Board of Assessment and Revision of Taxes (Board) for action affording the Sidoreks' land the same tax treatment as that received by their neighbors' land.[1]

As the Common Pleas opinion stated, "The essence of this assessment appeal is that [the Sidoreks'] two tracts of fallow land are assessed at $100.68 per acre and $148.41 per acre, respectively, while otherwise indistinguishable, but actively cultivated, land ranges from $50.27 per acre to $24.80 per acre." The Sidoreks' land, which is used primarily for recreation, is undeveloped except for the presence of a cabin. The larger parcel is wooded, but the smaller parcel consists of open land and cornfields. Mr. Sidorek testified before Common Pleas that he permits a neighbor to farm the smaller parcel at no charge. Although the terrain of the land owned by the Sidoreks and by their neighbors is similar, the neighboring land is assessed at a lower rate, because it is actively farmed by its owners. Although parts of the neighboring land

---

1. In their brief and on December 15, 1992, at argument, the Sidoreks indicated that they were withdrawing their cross appeal, because it is moot. The County's Commissioners have authorized a county-wide reassessment of all real estate, which reassessment shall be completed on or before July 1, 1993.

are unsuitable for farming, all of the neighboring land is assessed at a lower rate, because the neighboring landowners are farmers. The County's Chief Assessor, Richard T. Kamansky, testified that the County's system of giving preferential tax treatment to "active" farmland had existed for many years. When asked why the Sidoreks' land was assessed at a higher rate than similar land owned by their neighbors, the Places, Mr. Kamansky answered that Mr. Place is an active farmer.

In its opinion, Common Pleas stated that the Sidoreks argued that the County's system of tax assessment violates Article VIII, Section 1 of the Pennsylvania Constitution, which provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." According to Common Pleas, the County "readily concedes" its system of preferential tax treatment and defends that system by arguing that it is an informal effort to protect its farmland, a goal which is achieved in a formal manner by statute, including the Pennsylvania Farmland and Forest Land Assessment Act of 1974 (Farmland Act),[2] which provides a procedure pursuant to which a landowner whose land meets the requirements for agricultural use, agricultural reserve, and/or forest reserve, can apply to have that land valued for tax purposes based upon its value for that specified agricultural or forest use. The Honorable Kenneth W. Seamans of the Court of Common Pleas of Susquehanna County stated that the County's informal system of preferential tax treatment for farmland "directly contradicts" the Act "by distinguishing between actual agricultural use and reserve land." Being unable to apply the common level ratio to the market value of the Sidoreks' land, because the County does not apply market values when figuring the tax assessment on the land neighboring the Sidoreks, Common Pleas held that "the only fair remedy is to remand the case to the Board ... for action which accords [the Sidoreks] the same treatment as is accord-

2. Act of December 19, 1974, P.L. 973, *as amended,* 72 P.S. §§ 5490.1– 5490.13.

ed [their] farming neighbors." Common Pleas declined to order a county-wide reassessment of all land, because the Sidoreks' action was not an action in mandamus.

The County presents one issue for this Court's review: "Does the Constitution of Pennsylvania permit a county to employ a system of assessment of realty for tax purposes which distinguishes active farms from other similar land, where there is no statutory prohibition of such system?"

"The standard of review in a tax appeal is to determine whether the trial court abused its discretion, committed an error of law, or rendered a decision unsupported by the evidence." *Appeal of Marple Springfield Center*, 530 Pa. 122, 126, 607 A.2d 708, 709–10 (1992).

The County argues first, that its policy of giving active farms preferential tax treatment is constitutional, because its classification of land is reasonable and second, that no statute prohibits such preferential treatment. According to the County, its policy of giving active farms preferential tax treatment is consistent with public policy as evidenced by Article VIII, Section 2(b) of the Pennsylvania Constitution, which provides that the General Assembly may establish standards and qualifications for forest reserves, agricultural reserves, and active farmland and which further provides that the General Assembly may make special provisions for taxing those lands. The General Assembly made such special provisions when it enacted the Farmland Act. The County argues similarly, that the Act of January 13, 1966, P.L. (1965) 1292, *as amended,* 16 P.S. §§ 11941–11947 (the Act), which predates the enactment of Article VIII, Section 2(b) of the Pennsylvania Constitution, enables counties to covenant with landowners to preserve farmland, forest land, water supplies, or open spaces. The land's assessed value is thereby reduced, because its market value is reduced by the covenant limiting its use. According to the County, its traditional policy of giving active farms preferential tax treatment informally achieves the results sought to be formally achieved by the Pennsylvania Constitution, the Farmland Act, and the Act.

480

We cannot agree with the County that its policy of giving farms preferential tax treatment is constitutional. "The test of uniformity is whether there exists a reasonable distinction and difference between classes of taxpayers sufficient to justify different tax treatment." *City of Lancaster v. Lancaster County*, 143 Pa.Commonwealth Ct. 476, 486, 599 A.2d 289, 294 (1991), *petition for allowance of appeal denied,* 530 Pa. 634, 606 A.2d 903 (1992). We can find nothing in the record which persuades us that the County's system of classification is reasonable. The County's Chief Assessor, Richard T. Kamansky, testified that his only explanation for the differing tax assessments for the land of the Sidoreks and their neighbors, the Places, is that Mr. Place is an active farmer. The County has taxed two adjoining parcels of real estate, indistinguishable in terrain, differently because one landowner is an active farmer and the other is not. We hold, as a matter of law, that such a distinction is unreasonable and violates Article VIII, Section 1 of the Pennsylvania Constitution.

Additionally, the County misapprehends its authority to devise an informal system of preferential tax treatment which, according to the County, furthers the public policy underlying Article VIII, Section 2(b) of the Pennsylvania Constitution and various statutes. "A county is merely a creature of the sovereign created for the purpose of carrying out local governmental functions." *Borough of Valley–Hi Incorporation Case,* 33 Pa.Commonwealth Ct. 180, 184, 381 A.2d 204, 207 (1977). A county's power is defined by statute; "it possesses no power nor bears any responsibility in the absence of a specific mandate." *Id.* at 184, 381 A.2d at 207. Both the Farmland Act and the Act authorize a county to give preferential tax treatment to farmland pursuant to procedures set forth in each respective statute. The County has no legal authority to devise a system of preferential tax treatment for farmland, unless the system is authorized by the Farmland Act or the Act. For this Court to hold otherwise would be in derogation of the General Assembly's constitutional supremacy in such matters.

Accordingly, with regard to the appeal of Susquehanna County, docketed to No. 1016 C.D.1992, the April 14, 1992 order of the Court of Common Pleas of Susquehanna County is affirmed. With regard to the cross appeal of the Sidoreks, docketed to No. 1094 C.D.1992, the appeal is dismissed as moot.

## ORDER

AND NOW, this 12th day of February, 1993, with regard to the appeal of Susquehanna County, docketed to No. 1016 C.D.1992, the April 14, 1992 order of the Court of Common Pleas of Susquehanna County is affirmed. With regard to the cross appeal of the Sidoreks, docketed to No. 1094 C.D.1992, the appeal is dismissed as moot.