**Lucienne G. HEDMAN, Dianne Morrison, and Grant Greene, Appellants,**

v.

**The COUNTY OF WARREN, and S & A Custom Built Homes, Inc.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 2004.

Decided March 16, 2004.

Kenneth W. Wargo, Erie, for appellants.

Alan T. Shuckrow, Pittsburgh, for appellee, The County of Warren.

Daniel L. Sullivan, Harrisburg, for appellee, S & A Custom Built Homes, Inc.

BEFORE: FRIEDMAN, J., LEADBETTER, J., and FLAHERTY, Senior Judge.

---

OPINION BY Judge FRIEDMAN.

Lucienne G. Hedman, Dianne Morrison and Grant Greene (Objectors) appeal from the order of the Court of Common Pleas of the 37th Judicial District of Pennsylvania, Warren County Branch (trial court), dated April 24, 2003, dismissing Objectors' motion for post-trial relief. We affirm.

The relevant facts may be summarized as follows. On February 14, 2002, the County of Warren (County) entered into an agreement to sell three contiguous parcels of realty, formerly Warren State Hospital, to S & A Custom Built Homes, Inc. At that time, the County had acquired two of the three parcels from the Commonwealth for the purpose of commercial development, with the intent to stimulate economic growth in the County.[1]

On February 15, 2002, Objectors filed objections to the agreement of sale, asserting, *inter alia*, that: 1) the County's purchase of the parcels for commercial purposes was not authorized by applicable law; 2) the County did not follow statutory procedure with respect to the sale; and 3) the County Commissioners breached their fiduciary duty by failing to consider other potential buyers for the property. Following a bench trial, the trial court set aside the agreement of sale, holding that the County Commissioners breached their fiduciary duty to obtain fair market value for the property and that the County had not complied with statutory provisions requiring that County property be sold at fair market value, as determined by proper appraisement procedures.

The trial court did not specifically address Objectors' assertion that the County has no authority to purchase property for the purpose of commercial development. However, the trial court held that the County did have authority to sell the property pursuant to section 2306 of the County Code.[2] In addition, the trial court found that development of the property would be an economic benefit to the County. (Trial court's Findings of Fact, No. 34.) The trial court granted the County leave to renegotiate the sale for the purpose of commercial development, subject to the statutory requirements. The trial court also ordered the County to contact all interested developers prior to any sale and to give those developers an opportunity to bid on the property.

Objectors filed a motion for post-trial relief, again arguing that the County was without authority to purchase the property for commercial purposes. Disagreeing, the trial court relied on section 202(3) of the County Code, which states as follows:

**§ 202. General powers**

Each county shall have capacity as a body corporate to:

. . .

1. The transaction between the Commonwealth and the County took place after a state representative contacted a County Commissioner and asked if the County would be interested in acquiring the three-parcel property. The County was interested; in fact, the property had been identified in the County's Comprehensive Plan for at least ten years as appropriate for industrial or commercial development.

One of the two deeds provides that: any conveyance by the County other than for economic development would cause title to revert to the Commonwealth; the Commonwealth is to receive 80% of excess sale proceeds; and any sale by the County requires prior written consent of the Commonwealth.

2. Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 2306. In pertinent part, section 2306(a) states that a county board of commissioners may sell or lease real property only for fair market value, and section 2306(b) sets forth a list of entities that are not subject to the restrictions contained in subsection 2306(a).

(3) Purchase, acquire by gift or otherwise, hold, lease, let and convey such real and personal property as shall be deemed to be for the best interests of the county.

16 P.S. § 202(3).

■ The trial court held that section 202(3) of the County Code unequivocally and without limitation authorizes the County to purchase property "as shall be deemed to be for the best interests of the County." The trial court further held that section 2306 of the County Code authorizes the County to sell its property to a business entity for development of commercial use. Accordingly, the trial court denied Objectors' post-trial motion by order dated April 24, 2003, and Objectors now appeal to this court.[3]

■ Objectors argue that the trial court erred in interpreting section 202(3) of the County Code as authorizing the County to acquire property for the purpose of commercial development.[4] Objectors rely on the well-established principle that a county's power is defined by statute, i.e., a county has no power in the absence of a specific statutory mandate. *Appeal of Sidorek*, 153 Pa.Cmwlth. 476, 621 A.2d 1149 (1993). Objectors assert that the County Code only permits the County to acquire real estate for certain specified purposes, which do not include commercial purposes. Objectors maintain that because there is no *specific* statutory provision in the Coun-

ty Code authorizing the acquisition of property for commercial purposes, the County lacked the power to do so. Citing *Central Dauphin School District v. American Casualty Insurance Co.*, 493 Pa. 254, 426 A.2d 94 (1981), Objectors argue that, because the County lacked authority to purchase land for a commercial purpose, the agreement of sale in furtherance of that purpose is invalid.[5]

In this regard, Objectors contend that the trial court improperly construed section 202(3) of the County Code as an unequivocal and unlimited grant of authority to the County to purchase property. Objectors assert that the trial court's ruling ignores well-recognized rules of statutory construction. In particular, Objectors maintain that if section 202(3) is construed to grant a broad general power to acquire property, the numerous provisions of the County Code that authorize acquisition of property for specific purposes would become surplusage. *See* section 1922(2) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(2). Objectors argue that, rather than being a source of broad power, section 202(3) of the County Code merely adds a general requirement that all purchases of property be for the best interests of the county.

However, accepting Objectors' argument also would violate the rules of statutory construction because it would render the

3. Because the rulings at issue concern only questions of law, our scope of review is plenary. *Serapiglia v. City of Clairton*, 809 A.2d 1079 (Pa.Cmwlth.2002).

4. Although Objectors filed an objection to the agreement of sale, Objectors state that they are not challenging the County's authority to *convey* the land; thus, Objectors also argue that the trial court erred in relying on section 2306 of the County Code, because it relates only to the County's authority to convey property.

5. In *Central Dauphin School District*, the school district sought to recover from its insurer the amount the district had been required to return to taxpayers against whom the district had imposed an unlawful tax. Construing the term "loss" in light of Pennsylvania public policy, the court held that the return of tax monies collected by an unlawful tax was uninsurable.

words "best interest of the county," in section 202(3), irrelevant. If the legislature intended to limit a county's acquisition powers to those granted by the statute's additional, specific provisions, the legislature would have included language to that effect. But no language in the County Code indicates that those purposes specifically set forth in the County Code are the only purposes contemplated by the legislature. To the contrary, the broad grant of power to purchase property afforded by section 202(3) reflects the legislature's recognition that it is not possible to anticipate every type of acquisition that may be for the County's best interest.[6]

Objectors cite the addition of section 2305.1 of the County Code[7] as evidence that the County's authority to purchase property stems from specific provisions of the County Code, rather than the general terms of section 202(3). Section 2305.1 of the County Code was added to the County Code in 1965 and grants county commissioners the authority to purchase, take by gift or devise real property within the county for the purpose of industrial development *under a local or county plan.* This provision also states that land so purchased *may be sold only to a local industrial development corporation.* Thus, section 2305.1, like many other specific provisions of the County Code relating to the acquisition of property, merely includes additional restraints on the County's authority in specific circumstances.

Objectors have not challenged the trial court's finding that commercial development of the property in question would be an economic benefit to the County. Where, as here, the record reflects that the purchase of the property is in the best interest of the County, we agree with the trial court that section 202(3) of the County Code authorizes the County to acquire the property.

Accordingly, we affirm.

### ORDER

AND NOW, this 16th day of March, 2004, the order of the Court of Common Pleas of the 37th Judicial District of Pennsylvania, Warren County Branch, dated April 24, 2003, is hereby affirmed.

---

**6.** Specific provisions of the County Code address the authority of a county to acquire property for: a county jail, courthouse or other county building; industrial development; public libraries, memorial buildings and monuments; contagious disease hospitals; garbage disposal facilities; aeronautical purposes; bridges; and recreational places.

Sections 2305, 2305.1, 2368, 2378, 2396, 2202, 2614 and 2501 of the County Code, 16 P.S. §§ 2305, 2305.1, 2368, 2378, 2396, 2202, 2614 and 2501.

**7.** Added by the Act of September 1, 1965, P.L. 452, *as amended,* 16 P.S. § 2305.1.